IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
CHATTANOOGA DIVISION

| | |
|---|---|
| **TERPSEHORE MARAS,** <br><br> **Plaintiff,** <br><br> v. <br><br> **THEHUFFINGTONPOST, INC., REPRESENTATIVE STEVE COHEN, US DOMINION, INC., DOMINION VOTING SYSTEMS, INC., DOMINION VOTING SYSTEMS CORPORATION, MEDIA MATTERS FOR AMERICA and ALI ABDUL RAZAQ AKBAR A/KA/ ALI ALEXANDER,** <br><br> **Defendants.** | **Case. No. 1:21-cv-00317-DCLC-CHS** <br><br> **JUDGE CLIFTON L. CORKER** |

**PLAINTIFF TERPSEHORE MARAS' MOTION TO STRIKE DOMINION'S MOTION TO DISMISS AND ITS SUPPORTING MEMORANDUM OF LAW**

COMES NOW Plaintiff Terpsehore Maras and, by and through undersigned counsel and pursuant to Fed. R. Civ. P. 12(f), hereby files this Motion to Strike Dominion's Memorandum of Law in Support of Dominion's Motion to Dismiss (Doc. No. 22) and in support of said motion respectfully shows unto this Honorable Court the following:

### I.  RELEVANT PROCEDURAL HISTORY

On October 29, 2021, Plaintiff filed a lawsuit against all named Defendants in the Hamilton County Circuit Court, which is a court of general jurisdiction. The Hamilton County Circuit Court had personal jurisdiction and subject matter jurisdiction over all defendants. Venue was proper in the Hamilton County Circuit Court because, at the time the case was filed, one of the named Defendants was Chattanooga News Chronicle. The remaining Defendants were proper by way of supplemental

jurisdiction. However, even though the parties were not diverse and there were forum Defendants, Congressman Steve Cohen had a statute that permitted him to remove the entire case to federal court. As such, pursuant to 28 U.S.C. § 1442(a), Congressman Cohen properly removed the entire case to federal court. Since the case was properly pending in the Hamilton County Circuit Court, Congressman Cohen was required to remove the case to The United States District Court, Eastern District of Tennessee, Chattanooga Division, pursuant to 28 U.S.C. § 1446(a), which states: "A defendant or defendants desiring to remove any civil action from a State court **shall file** in the district court of the United States **for the district and division within which such action is pending** …." 28 U.S.C.A. § 1446(a).

On December 27, 2021, Congressman Steve Cohen removed this case[1] to the United States District Court, Eastern District of Tennessee, Chattanooga Division. On December 27, 2021, this Court entered an Order Governing Motions to Dismiss (Doc. No. 7). Pursuant to Fed. R. Civ. P. 41(a)(1)(A), January 5, 2022, Plaintiff filed a Notice of Voluntary Dismissal without Prejudice for Defendants, Ohio Intelligence Tips, Ross Elder and Chattanooga News Chronicle (Doc. 11).

> Federal Rules of Civil Procedure Rule 41
> **Rule 41. Dismissal of Actions**
> Currentness
>
> (a) Voluntary Dismissal.
>
>   (1) *By the Plaintiff*.
>
>     (A) *Without a Court Order.* Subject to Rules 23(e), 23.1(c), 23.2, and 66 and any applicable federal statute, the plaintiff may dismiss an action without a court order by filing:
>
>       (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or
>
>       (ii) a stipulation of dismissal signed by all parties who have appeared.

---

[1] The Motion for Show Cause hearing and supporting evidence was filed with the Hamilton County Circuit Court, but it was not included on the docket report and does not appear to have been included in the removal of this case. The motion was pending before the Hamilton County Circuit Court at the time of removal. Plaintiff will file an electronic copy of said motion and will contact the Circuit Court to have the clerk forward the original evidence to this Court.

Therefore, since the case was removed from the Hamilton County Circuit Court, this Honorable Court has subject matter jurisdiction. In addition to the removal pursuant to 28 U.S.C. §§ 1442 and 1446, all parties are now diverse. The amount in controversy exceeds seventy-five thousand dollars ($75,000). There is no Defendant that is a resident of the forum. This Honorable Court has personal jurisdiction over all Defendants by way of Fed. R. Civ. P. 4(k)(1). Venue statutes are not considered after a case is removed. The venue statutes tell the Plaintiff where to initiate the case; not where the Defendants remove the case.

Plaintiff agrees with the Dominions Defendants that they satisfied the "meet and confer" requirement, although the parties contest the viability of Plaintiff's Complaint. On January 20, 2022, the Dominion Defendants filed a consolidated Motion to Dismiss (Doc. No. 21). In support of Dominion's Motion to Dismiss, the Dominion Defendants also filed its Memorandum of Law in Support of Dominion's Motion to Dismiss, which contained "immaterial, impertinent, or scandalous" matters, which is the reason for this Motion to Strike. *See* Fed. R. Civ. P. 11(f). The offending section is not numbered, but it is entitled "***Plaintiff's involvement in litigation giving rise to this case***" (Doc. No. 22, pp. 3-4.). The offending section's content is omitted so it is not in the record on appeal.

While certain defamatory statements in Dominion's "Statement of Facts" may be protected by a litigation privilege, they are certainly "immaterial, impertinent, or scandalous" to present to this Honorable Court (or in the record for any appellate court on appeal) when determining the viability of Plaintiff's Complaint. As such, Plaintiff respectfully requests that this Court enter an order to strike the following: (1) Dominion's Motion to Dismiss (Doc. No. 21); and (2) Memorandum of Law in Support of Dominion's Motion to Dismiss (Doc. No. 22). Plaintiff understands that Dominion timely filed its motion and so Dominion is entitled to have its Motion to Dismiss presented and heard so Plaintiff respectfully requests that this Court include in its Order provide an extension of time for the Dominion Defendants to remove the offending paragraphs and to refile its Motion to Dismiss and

Memorandum of Law in Support of Dominion's Motion to Dismiss. The Dominion Defendants will not be prejudiced if they are granted an extension and are given an opportunity to refile.

## II. ARGUMENT AND CITATION OF AUTHORITY

The Federal Rules of Civil Procedure are written by The Supreme Court of the United States and they govern procedure and they direct the district courts on how to handle matters before the court. The **Federal Rules of Civil Procedure enjoy "presumptive validity"** as they are written by the Supreme Court of the United States. *See Burlington Northern R. Co. v. Woods*, 480 U.S. 1, 6, 107 S.Ct. 967, 94 E. Ed. 2d 1 (1987); *Gil de Rebollo v. Miami Heat Assocs., Inc.*, 137 F.3d 56, 65 (1st Cir. 1998). And the **Federal Rules of Civil Procedure have the force and effect of a federal statute**. *Sibbach v. Wilson Co*, 312 U.S. 1, 61 S.Ct. 422, 312 U.S. 655, 85 L.Ed. 479 (1941) (emphasis added). Pursuant to Fed. R. Civ. P. 12(f), this Honorable Court may strike from the record "any redundant, immaterial, improper, or scandalous **matter**." (emphasis added).

> **(f) Motion to Strike.** The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. The court may act:
> 
> (1) on its own; or
> 
> (2) on motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading.

In the case at bar, the Dominion Defendants have attempted to prejudice this Honorable Court's view of Plaintiff Terpsehore Maras by improperly presenting to the Court immaterial matters, impertinent matters and scandalous matters. The Motion to Dismiss tests the viability of the Plaintiff's Complaint. The Memorandum of Law briefs the Court on the relevant law and can also include a recitation of relevant facts. However, a recitation of events that occurred in North Dakota from 2018 is not relevant to testing the viability of the Plaintiff's Complaint. A recitation of events that occurred in North Dakota from 2018, is "immaterial, impertinent, or scandalous" and the only purpose for presenting this completely irrelevant information is an improper attempt by the Dominion Defendants

to prejudice this Court against Ms. Terpsehore Maras. This bell cannot be "unrung" but this Honorable Court can, and should, prevent the appellate courts from reading these improper and prejudicial statements. Additionally, Plaintiff vehemently disputes the veracity of those alleged "facts" and she has already started the process of correcting the record, and clearing her name, as she has already given pre-suit notice to the State of North Dakota and certain other potential Defendants of her intent to file suit over the law fare and defamation she underwent. Plaintiff respectfully requests that this Honorable Court disregard Dominion's improper attempt to prejudice this Court and to not consider Dominion's improper statements when determining the viability of the Plaintiff's Complaint.

### III.  CONCLUSION

Based upon the foregoing, Plaintiff respectfully requests that the Motion to Dismiss (Doc. No. 21) and the Memorandum of Law in Support of Dominion's Motion to Dismiss (Doc. No. 22) be struck from the record. Since said motion was timely filed, Plaintiff respectfully request that this Court include in its Order an extension of time for the Dominion Defendants to remove the offending paragraphs and to refile their Motion to Dismiss and Memorandum of Law in Support of Dominion's Motion to Dismiss.

Respectfully submitted this 21st day of January, 2022.

**THE NEWMAN LAW FIRM**

/s/ Russell A. Newman_____
Russell A. Newman, BPR No. 033462
6688 Nolensville Road
Suite 108-22
Brentwood, TN 37027
(615) 554-1510  (Telephone)
(615) 283-3529  (Facsimile)
E-mail:russell@thenewmanlawfirm.com
*Attorney for Plaintiff Terpsehore Maras*

5

Case 1:21-cv-00317-DCLC-CHS   Document 31   Filed 01/21/22   Page 5 of 7   PageID #: 2346

# CERTIFICATE OF SERVICE

I, Russell A. Newman, do hereby certify that I am counsel for Plaintiff Terpsehore Maras in the above-captioned matter and that a copy of the **PLAINTIFF TERPSEHORE MARAS' MOTION TO STRIKE DOMINION'S MOTION TO DISMISS AND ITS SUPPORTING MEMORANDUM OF LAW** was filed and served via the CM/ECF system for the United States District Court, Eastern District of Tennessee, Chattanooga Division via electronic mail to the following CM/ECF filers:

> W. Scott Sims, Esq.
> Michael R. O'Neill, Esq.
> SIMS│Funk, PLC
> 3322 West End Ave.
> Suite 200
> Nashville, TN 37203
> (615) 292-9355  (Telephone)
> (615) 649-8565  (Facsimile)
> ssims@simsfunk.com
> moneill@simsfunk.com
> *Attorneys for Dominion Defendants*
>
> Robb Harvey, Esq.
> 511 Union Street
> Suite 2700
> P.O. Box 198966
> Nashville, TN 37219-8966
> Robb.harvey@wallerlaw.com
>
> Todd B. Tatelman, Esq.
> Sarah Clouse, Esq.
> 5140 O'Neill House Office Building
> Washington D.C. 20515
> Todd.tatelman@mail.house.gov
> Sarah.clouse@mail.house.gov
> *Attorneys for Congressman Steve Cohen*

And via U.S. Mail on the following non-registered CM/ECF filers:

> Media Matters for America
> P.O. Box 44811
> Washington, DC 20026

6

Case 1:21-cv-00317-DCLC-CHS   Document 31   Filed 01/21/22   Page 6 of 7   PageID #: 2347

Ali Abdul Razaq Akbar a/k/a Ali Alexander
5125 Pinellas Avenue
Keller, TX 76244

Respectfully submitted this 21st day of January, 2022.

                                      **THE NEWMAN LAW FIRM**

                            By:    /s/ Russell A. Newman
                                    Russell A. Newman, BPR # 033462