IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE AT CHATTANOOGA

| | |
|---|---|
| TERPSEHORE MARAS, <br><br> *Plaintiff*, <br><br> v. <br><br> CHATTANOOGA NEWS CHRONICLE, THEHUFFINGTONPOST, INC., REPRESENTATIVE STEVE COHEN, US DOMINION, INC., DOMINION VOTING SYSTEMS, INC., DOMINION VOTING SYSTEMS CORPORATION, MEDIA MATTERS FOR AMERICA, OHIO INTELLIGENCE TIPS, ROSS ELDER, and ALI ABDUL RAZAQ AKBAR A/K/A ALI ALEXANDER, <br><br> *Defendants*. | Civil Action No. 1:21-cv-317 <br><br> Judge Clifton L. Corker <br> Magistrate Judge Christopher H. Steger |

**DOMINION'S RESPONSE TO PLAINTIFF'S MOTION TO STRIKE DOMINION'S MOTION TO DISMISS AND SUPPORTING MEMORANDUM OF LAW**

Defendants U.S. Dominion, Inc., Dominion Voting Systems, Inc., and Dominion Voting Systems Corporation (collectively, "Dominion") submit this response to Plaintiff's motion to strike Dominion's motion to dismiss and supporting memorandum of law. (Dkt. No. 31). Plaintiff argues that Dominion's pending motion to dismiss and memorandum of law (Dkt. Nos. 21 & 22) should be stricken because pages 3-4 of Dominion's memorandum reference that Plaintiff was charged by the North Dakota attorney general of engaging in a consumer fraud scheme and was later found liable by a North Dakota court. Without providing any analysis, Plaintiff argues that Dominion's reference to Plaintiff's history of engaging in consumer fraud is "immaterial, impertinent, or scandalous" under Rule 12(f) of the Federal Rules of Civil Procedure. Plaintiff's

motion to strike lacks merit, both procedurally and substantively, and should be denied.

## ARGUMENT

### A. Plaintiff's Motion to Strike is Procedurally Improper.

Under Rule 12(f), a court can only strike portions of a "pleading." Fed. R. Civ. P. 12(f); *Fox v. Michigand State Police Dept.*, 173 F. Appx. 372, 375 (6th Cir. 2006); *McCoy v. Precision Thermoplastic Components, Inc.*, 2012 WL 4061351, *1 (M.D. Tenn. Sept. 14, 2012) (holding that "Motions to Strike are applicable only to pleadings."). Rule 7(a) defines a "pleading" as including only a complaint, an answer, or a reply to an answer. Fed. R. Civ. P. 7(a). Thus, since they are not "pleadings," Dominion's motion to dismiss and supporting memorandum of law cannot be the subject of a motion to strike. *See, e.g.*, *Fox*, 173 F. Appx. at 375 (holding that a declaration in support of a motion is not a pleading, and thus not subject to a motion to strike); *Fernandez v. Semmes-Murphey Clinic, PC*, 2020 WL 3487673, *1 (W.D. Tenn. Apr. 9, 2020) (same); *McCoy*, 2012 WL 4061351 at * 1 (holding that discovery responses are not pleadings, and thus not subject to a motion to strike). Thus, Plaintiff's motion should be denied.

### B. Plaintiff's Motion to Strike is Substantively Deficient.

Even putting aside this fatal procedural defect, Plaintiff's motion to strike should be denied because that portion of Dominion's memorandum of law that discusses Plaintiff's history of engaging in consumer fraud is not "immaterial, impertinent, or scandalous."

First off, the North Dakota consumer fraud action is directly relevant to the issues in this lawsuit. Indeed, Plaintiff herself attached materials to her own operative Amended Verified Complaint that reference and discuss the North Dakota consumer fraud action and the North Dakota court's conclusion in that action. Namely, the document Plaintiff attached as Exhibit 5 to her complaint provides as follows:

> Terpsichore Maras-Lindeman has been accused by North Dakota attorney general of assuming false identities to "deceive people."
>
> *****
>
> A 2018 civil fraud case against Maras-Lindeman by the North Dakota Attorney General's Office accused her of falsely claiming to be a physician, a Purple Heart recipient and a Navy intelligence veteran; using several aliases and social security numbers; and exaggerating her resume in a "persistent" effort to "deceive others," according to the Post. A judge earlier this year ordered Maras-Lindeman to pay $25,000 in fines and attorney fees after she spent donations solicited for veterans' wreaths and homeless shelters on herself.

(Compl., Exh. 5). Plaintiff can hardly claim that subject matter she appended to and incorporated into her own operative complaint and made a part of the public record in this case is somehow "immaterial, impertinent, or scandalous."

Moreover, the North Dakota consumer fraud action is directly relevant to the issues Dominion raised in its motion to dismiss. In particular, Plaintiff's defamation action against Dominion is based in part on the allegations that Dominion included in a separate lawsuit it filed against Sidney Powell in the United States District for the District of Columbia, No. 1:21-cv-00040, to the effect that Plaintiff had engaged in consumer fraud in North Dakota. (Compl., ¶ 54). Thus, in its motion to dismiss in this case, referencing the North Dakota court's findings, Dominion argued that the allegations in its Sidney Powell complaint that Plaintiff had engaged in consumer fraud cannot form the basis of Plaintiff's claim for defamation in this suit because, among other things, those allegations are true. In particular, Dominion stated in its memorandum of law:

> As an initial matter, Plaintiff's defamation claim fails because the statements about her in Dominion's defamation complaint against Powell are true and were made in reliance on the court records in the consumer fraud action against Plaintiff in North Dakota. *See Hanas v. Seterus, Inc.*, 92 F. Supp. 3d 747, 753 (E.D. Tenn. 2015) ("Truth is an absolute defense to a defamation claim."); *Brown*, 393 S.W.3d at 708 (to prevail on a defamation claim, the defamatory statement must be published with the requisite degree of fault).

(Dkt. No. 22 at p. 19).

Since Dominion's discussion of the North Dakota consumer fraud action in its memorandum of law is directly relevant, Dominion's motion papers are not subject to being stricken. *Brown & Williamson Tobacco Corp. v. United States*, 201 F.2d 819, 822 (6th Cir.1953) (holding that a "motion to strike should be granted only when the pleading to be stricken has no possible relation to the controversy."). Thus, again, Plaintiff's motion to strike should be denied.

## CONCLUSION

For the foregoing reasons, Dominion respectfully requests that Plaintiff's motion to strike be denied.

Respectfully submitted,

*/s/ W. Scott Sims*
W. Scott Sims (#17563)
Michael R. O' Neill (#34982)
SIMS|FUNK, PLC
3322 West End Ave., #200
Nashville, TN 37203
(615) 292-9335
(615) 649-8565
ssims@simsfunk.com
moneill@simsfunk.com

*Counsel for U.S. Dominion, Inc., Dominion Voting Systems, Inc., and Dominion Voting Systems Corporation*

# CERTIFICATE OF SERVICE

I hereby certify that on January 26, 2022, a copy of the foregoing was filed via the Court's CM/ECF system which will send notice of this filing via electronic mail notice to the following:

| | |
|---|---|
| Russell A. Newman<br>The Newman Law Firm<br>6688 Nolensville Road<br>Suite 108-22<br>Brentwood, TN 37027<br>russell@thenewmanlawfirm.com | Todd Tatelman<br>Sarah Clouse<br>United States House of Representatives,<br>General Counsel<br>219 Cannon House Office Building<br>Washington, DC 20515<br>202-225-9700<br>todd.tatelman@mail.house.gov<br>sarah.clouse@mail.house.gov |
| Douglas N. Letter<br>Office of General Counsel<br>U.S. House of Representatives<br>5140 O'Neill House Office Building<br>Washington, D.C. 20515<br>(202) 225-9700<br>Douglas.Letter@mail.house.gov | Robb S Harvey<br>Waller, Lansden, Dortch & Davis, LLP<br>(Nashville)<br>Nashville City Center<br>511 Union Street<br>Suite 2700<br>Nashville, TN 37219-8966<br>615-244-6380<br>615-244-6804 (fax)<br>robb.harvey@wallerlaw.com |

And via U.S. Mail to the following:

| | |
|---|---|
| MEDIA MATTERS FOR AMERICA<br>75 Broadway Street, Suite 202<br>San Francisco, CA 94111 | ALI ABDUL RAZAQ AKBAR<br>A/K/A ALI ALEXANDER<br>5125 Pinellas Avenue<br>Keller, TX 76244 |

                                                   */s/ W. Scott Sims*
                                                    W. Scott Sims