

**Exhibit A**

Waller Lansden Dortch & Davis, LLP
511 Union Street, Suite 2700
P.O. Box 198966
Nashville, TN 37219-8966

615.244.6380 main
615.244.6804 fax
wallerlaw.com

Robb S. Harvey
615.850.8859 direct
robb.harvey@wallerlaw.com

January 25, 2022

**VIA EMAIL**
Russell A. Newman
The Newman Law Firm
6688 Nolensville Road, Suite 108-22
Brentwood, Tennessee 37027
russell@thenewmanlawfirm.com

Re: *Maras v. Chattanooga News Chronicle, et al.*, No. 1:21-cv-00317, U.S. District Court for the Eastern District of Tennessee (the "Lawsuit")

Dear Mr. Newman:

I acknowledge receipt of your letter dated January 20, 2022 on behalf of the Plaintiff in response to my letter dated January 3. Our firm represents TheHuffingtonPost.com, Inc. This letter is in response.

I have asked on several occasions that you dismiss the Lawsuit against my client under Fed. R. Civ. P. 21 and/or 41. Since you have declined those requests, we will move for a dismissal and reserve all rights and remedies.

**A. General Jurisdiction.** In your January 20, 2022 Letter, you take the position that TheHuffingtonPost.com, Inc. is subject to "general jurisdiction" in the state of Tennessee, rather than "specific jurisdiction." We appreciate that clarification. That concession makes sense under the circumstances presented, since this case **has nothing to do with the state of Tennessee**. Only one person, Congressman Cohen, has any connection to Tennessee -- and his conduct appears to have occurred in the District of Columbia according to your Amended Complaint. The Plaintiff does not reside here. Our client does not reside here. The only connection to Tennessee is that **you** live here, so this court is convenient **for you**. So, for purposes of this letter, which is sent to complete any possible "meet and confer" obligation, we do not address "specific jurisdiction" because that is not part of your client's contentions.

Your five-page analysis of "general jurisdiction" does not accurately state federal and Tennessee law, although I thank you for providing that analysis. Here are some cases for your consideration. "Federal and state courts now recognize two varieties of personal jurisdiction -- specific jurisdiction and general jurisdiction." *Gordon v. Greenview Hosp., Inc.,* 300 S.W.3d 635, 647 (Tenn. 2009). General jurisdiction "may be asserted when the plaintiff's cause of action does not arise out of and is not related to the nonresident defendant's activities in the forum state." *Id.* As stated by the *Gordon* Court,

> [t]he threshold for satisfying the requirements for general jurisdiction is substantially higher than the requirements for establishing specific jurisdiction. 4

> Charles Alan Wright & Arthur R. Miller Federal Practice and Procedure § 1067.5, at 517. An assertion of general jurisdiction must be predicated on substantial forum-related activity on· the part of the defendant. The nonresident defendant's contacts with the forum state must be sufficiently continuous and systematic to justify asserting jurisdiction over the defendant based on activities that did not occur in the forum state. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. [ 408,] at 416 [(1984)], 104 S.Ct. 1868; *Perkins v. Benguet Consol. Mining Co.,* 342 U.S.[437,] at 448 [(1952)], 72 S.Ct. 413; *Lindsey v. Trinity Commc'ns, Inc.*, *Inc.*, 275 S.W.3d [411,] at 417 [(2009)]; *see also* 4 Federal Practice and Procedure § 1067.5, at 507.

*Id.* at 647-48 (footnote omitted). The approach you advocate in your letter is **not** consistent with U.S. Supreme Court authority regarding an attempt to assert general jurisdiction. *See Daimler AG v. Bauman*, 571 U.S. 117, 134 S. Ct. 746 (2014) and other cases.

In our January 3 letter, we provided two specific cases involving content providers so you would have an opportunity to advise your client about these issues. Both cases resulted in dismissals. One involved our client. Unlike your cases, both of those cases involved a plaintiff with at least some relationship with the forum state. Here, the only connection is that the Plaintiff's **lawyer** lives in Tennessee. I truly appreciate your pointing out to me that Tennessee is not part of the U.S. Court of Appeals for the Fifth Circuit, but instead is part of the Sixth Circuit. That instruction is duly noted. I was trying to give a fellow Tennessee lawyer the benefit of the doubt in providing those cites.

Nothing you have cited provides any basis for the assertion of general jurisdiction over TheHuffingtonPost.com, Inc. in the state of Tennessee. We urge you to reconsider this course of action.

**B. Defamation Allegations.** With respect to your comments about the substance of my client's online article, you cite my client's news article in a grand total of 3 paragraphs. (D.E. 1-2, ¶¶ 51-53.) Nothing in those paragraphs supports a defamation claim against our client. We urge you to reconsider this course of action.

**C. Other Issues.** Our client intends to move to dismiss this case for lack of personal jurisdiction. Because the dismissal on that ground would dispose of the case, it would be a waste of party and judicial resources to further brief the Plaintiff's failure to state a claim. The Eastern District of Tennessee has recognized that serial Rule 12(b) motions are permitted. At a minimum, this Court's ruling will clarify which state's law will apply to a subsequent, substantive Rule 12(b)(6) motion. This procedure was approved by the Eastern District in *Brooks v. Hoffman*, No. 3:13-CV-278, 2014 WL 2818991, at *2 (E.D. Tenn. June 19, 2014) (Reeves, C.J.) (Rule 12 motions *seriatim*).

As to your statements that any motion to dismiss filed by our client would be "absurd and ridiculous," "must necessarily fail," would be "frivolous," and cannot be made in "good faith," I have always said I admire someone with a great deal of self-confidence. I learned a long time ago that every lawyer has his or her own style, and you have demonstrated your own unique style. We will be glad for the Court to review our motion to dismiss and make its own determination.

Your filings -- including your recent announcement about your intent to issue multiple subpoenas to prominent political/public figures -- demonstrate a continuing attempt to engage in an abuse of the judicial process. The Court has a wide array of options at its disposal to address these tactics, including but not limited to those under 28 U.S.C. Section 1927 and the "inherent authority" doctrine. *See Chambers v. Nasco, Inc.*, 501 U.S. 32 (1991).

On behalf of TheHuffingtonPost.com, Inc., I'll ask one last time that you immediately dismiss the case against my client. If you should have any follow-up, please contact me directly. We have more than fully satisfied our "meet and confer" obligation. Thank you for your consideration.

Sincerely,

s/ Robb S. Harvey (electronic signature)

Robb S. Harvey

RSH:sd

cc: Client (via email)

** This letter does not constitute a complete or exhaustive statement of facts or law, is without waiver of any defenses (including, but not limited to, personal or subject matter jurisdiction, venue, failure to state a claim, failure to name a proper party, improper "defendant," statute of limitations, or insufficiency of service), objections, rights or claims (including, but not limited to, rights/protections under state and federal law and the federal and state Constitutions, such as the First Amendment to the United States Constitution, the Tennessee Constitution and any other applicable state constitution(s), and any applicable anti-SLAPP (Strategic Litigation Against Public Participation) statutes such as the Tennessee Public Participation Act and/or New York's revised anti-SLAPP statute), or an election of rights, claims, defenses, or legal theories, including, but not limited to, the constitutional actual malice standard; the fair report privilege, fair comment doctrine and other privileges; the incremental harm and comparative fault doctrines; and neutral reportage. Nothing herein shall constitute a waiver or relinquishment of any rights or remedies against any party with respect to the foregoing, whether legal or equitable, including, but not limited to, the right of injunctive relief, all of which are hereby expressly reserved. Our client reserves the right to amend this response, to raise further issues as the facts develop, and to assert any applicable claims. This letter is not intended to be a settlement communication under Fed. R. Evid. 408, Tenn. R. Evid. 408 or any other state counterpart. **