IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
SOUTHERN DIVISION

| | |
|---|---|
| TERPSEHORE MARAS, | ) |
| Plaintiff, | ) |
| v. | ) No. 1:21-cv-00317-DCLC-CHS |
| CHATTANOOGA NEWS CHRONICLE, | ) District Judge Clifton L. Corker |
| THEHUFFINGTONPOST, INC., | ) |
| REPRESENTATIVE STEVEN COHEN, | ) Magistrate Judge Christopher H. Steger |
| US DOMINION, INC., DOMINION | ) |
| VOTING SYSTEMS, INC., DOMINION | ) |
| VOTING SYSTEMS CORPORATION, | ) |
| MEDIA MATTERS FOR AMERICA, | ) |
| OHIO INTELLIGENCE TIPS, ROSS | ) |
| ELDER, and ALI ABDUL RAZAQ | ) |
| AKBAR a/k/a ALI ALEXANDER, | ) |
| Defendants. | ) |

**MEMORANDUM IN SUPPORT OF MOTION OF
DEFENDANT THEHUFFINGTONPOST.COM, INC.
TO DISMISS FOR LACK OF PERSONAL JURISDICTION**

Defendant TheHuffingtonPost.com, Inc. ("HuffPost")[1] respectfully asks that this Court dismiss the Amended Verified Complaint (Docket Entry ("D.E.") 1-2) against it for lack of personal jurisdiction.[2] *See* Fed. R. Civ. P. 12(b)(2).

The substantive allegations against HuffPost consist of three paragraphs. (D.E. 1-2, ¶¶ 51-53). Plaintiff avers (and has confirmed in "meet and confer" communications) that HuffPost is

---

[1] HuffPost was erroneously sued as TheHuffingtonPost, Inc.
[2] HuffPost is filing this motion to dismiss on jurisdiction grounds before filing a substantive motion under Rule 12(b)(6) to challenge, among other things, whether the Amended Verified Complaint states a claim for defamation against HuffPost. Depending on how the Court rules on the instant motion, a subsequent Rule 12(b) motion may not be necessary, or the Court's ruling will clarify which circuit's law will apply to the subsequent Rule 12(b)(6) motion. *See Brooks v. Hoffman*, No. 3:13-CV-278, 2014 WL 2818991, at *2 (E.D. Tenn. June 19, 2014) (Reeves, C.J.).

subject to "general jurisdiction" (**not** "specific" jurisdiction) in the state of Tennessee, based on a single news article published on HuffPost's website in December 2020. (*See* Ex. A to Motion to Dismiss.) The **only** jurisdictional allegation is the conclusory statement that "[t]he Defendants are subject to the general personal jurisdiction of this Court pursuant to Tenn. Code Ann. § 20-2-101 *et seq.* and Tenn. Code Ann. 20-2-201 *et seq.*" (D.E. 1-2, ¶ 12). As demonstrated below, HuffPost is not subject to "general jurisdiction" in Tennessee.

## FACTUAL BACKGROUND

On August 29, 2021, Plaintiff filed a Verified Complaint in the Circuit Court of Hamilton County, Tennessee, alleging defamation claims against each of the Defendants. (D.E. 1-1).

Three months later, on November 29, 2021, Plaintiff filed an Amended Verified Complaint (D.E. 1-2.) Other than Defendants Chattanooga News Chronicle (now-dismissed) and Representative Steve Cohen, **none** of the other parties in the lawsuit, including the Plaintiff, is alleged to be a resident of or located in Tennessee. (*See id.* ¶¶ 1-11.) Plaintiff claims to be an Ohio resident. (*Id.* ¶ 1.) As the Amended Verified Complaint avers, HuffPost "is a **_Delaware_** corporation with a principal place of business located at 111 E. 18th St., New York, **_New York_**, 10003-2107." (*Id.* ¶ 3 (emphasis added); Snyder Decl. ¶ 2.) HuffPost does not maintain any offices in Tennessee, does not own property in property in Tennessee, and does not have employees in Tennessee. (Snyder Decl. ¶ 2.) The only jurisdictional allegation in the Amended Verified Complaint is a conclusory statement that "Defendants are subject to the general personal jurisdiction of this Court pursuant to Tenn. Code Ann. § 20-2-101 *et seq.* and Tenn. Code Ann. § 20-2-201 *et seq.*" (D.E. 1-2 ¶ 12.) Plaintiff has nonsuited Chattanooga News Chronicle (D.E. 11), and her claims against Representative Steve Cohen appear to be based on his comments or Tweets issued from the District of Columbia. (*See* D.E. 1-2 ¶¶ 62, 64.)

Plaintiff's claims against all Defendants appear to stem from an affidavit she signed in late 2020, which was filed in a presidential election case filed by attorney Sidney Powell styled *Tyler Bowyer et al. v. Doug Ducey, in his official capacity as the Governor of the State of Arizona et al.*, in the United States District Court for the District of Arizona, Case No. 2:20-cv-02321-DJH. (*Id.* ¶¶ 14-17.) According to the Amended Verified Complaint, "Plaintiff's sworn testimony explained the foundations of her expert opinions and her personal knowledge and then she addressed the concerns that she had regarding foreign interference in our elections through hardware components from companies based in foreign countries with adverse interests among other concerns." (*Id.* ¶ 18.) Plaintiff alleges that, although the Arizona District Court in the election fraud case entered an Order on December 9, 2020, stating that "[b]ut perhaps more concerning to the Court is that the 'expert reports' reach implausible conclusions often because they are derived from wholly unreliable sources," that Court did not review Plaintiff's affidavit, and Plaintiff was not one of the multiple expert witnesses called to testify. (*Id.* ¶¶ 19-31.) Plaintiff alleges that "[w]hen the Defendants publish defamatory statements against Attorney Sidney Powell, the Kraken or any of Attorney Sidney Powell's election fraud accusations and/or conclusions, the Defendants are defaming Plaintiff." (*Id.* ¶ 32.)

Plaintiff's claim against HuffPost focuses on a single news article posted on HuffPost's website in late 2020.[3] Plaintiff claims that "[o]n December 26, 2020 the HUFFPOST identified Plaintiff as the '**secret witness** who lawyer Sidney Powell has promised would reveal presidential election fraud.'" (*Id.* ¶ 51.) Because "[t]he 'secret witness' referred to in THEHUFF's [sic] article is the Plaintiff," the Amended Complaint alleges that the article's statement that "'Trump is

---

[3] The cite provided is: https://www.huffpost.com/entry/sidney-powell-terpsichore-maras-lindeman-trump-election-fraud-special-counsel_n_5fe67309c5b6acb53457f8b4. (D.E. 1-2 ¶ 51.)

4857-4664-3723

considering naming Powell as a special counsel to investigate election fraud. (There have been **no credible reports of fraud** in the 2020 election.)' is the HUFF POST defaming Plaintiff." (*Id.* ¶¶ 52-53.) HuffPost referred to reporting by the *Washington Post*. (*Id.* ¶ 52.) Paragraphs 51 through 53 as detailed above contain the only substantive allegations directed at HuffPost in the Amended Verified Complaint. The news story in question was of national interest, published by a website publisher based in New York, and was not focused on the State of Tennessee or anyone in the State of Tennessee. (*See* Snyder Decl. ¶ 3.)

As relief, Plaintiff seeks, among other things, $1.7 Billion in compensatory damages and $1.7 Billion in punitive damages. (D.E. 1-2, PageID 46 ¶¶ 1-2.) Defendant U.S. Congressman Steve Cohen removed the case to this Court. (D.E. 1.)

## LEGAL STANDARD

On a motion to dismiss for lack of personal jurisdiction, "[t]he burden of establishing jurisdiction is on the plaintiff." *Am. Greetings Corp. v. Cohn*, 839 F.2d 1164, 1168 (6th Cir. 1988) (quoting *Welsh v. Gibbs*, 631 F.2d 436, 438 (6th Cir. 1980)). "A district court has discretion in how it resolves a 12(b)(2) motion." *Malone v. Stanley Black & Decker, Inc.*, 965 F.3d 499, 505 (6th Cir. 2020). When the Court rules based on the parties' written submissions, without an evidentiary hearing, the plaintiff need only make a *prima facie* showing that jurisdiction exists. *Id.*; *Am. Greetings Corp.*, 839 F.2d at 1168-69. The prima facie case "requires a plaintiff to establish, with reasonable particularity, sufficient contacts between the defendant and the forum state to satisfy the relevant long-arm statute and the Due Process Clause." *Malone*, 965 F.3d at 504. "If the court holds an evidentiary hearing and the defendant's motion is properly supported with evidence, the plaintiff must overcome it by a preponderance of the evidence." *Id.* at 505.

# ARGUMENT

Plaintiff's claim is that HuffPost is subject to "general" personal jurisdiction. The Amended Verified Complaint lacks any averments that would establish this general jurisdiction over this Defendant in the State of Tennessee. As acknowledged in the Amended Verified Complaint, HuffPost is a Delaware corporation which has its principal place of business in New York. HuffPost has no offices and no employees in the State of Tennessee. Plaintiff does not (and cannot) allege that HuffPost has continuous or systematic contacts with Tennessee. As such, HuffPost has **no** minimum contacts with the State of Tennessee that would permit the exercise of personal jurisdiction here.

### I. The Due Process Clause Permits a Court to Exercise Jurisdiction Only When a Defendant Has "Minimum Contacts" with Tennessee.

HuffPost does not have a presence in Tennessee that would allow the Court to exercise personal jurisdiction over it. It is well settled that the Court may exercise "personal jurisdiction over a nonresident defendant" only if such jurisdiction "meets the [forum] state's long-arm statute and constitutional due process requirements." *Intera Corp. v. Henderson*, 428 F.3d 605, 615 (6th Cir. 2005). Tennessee's long-arm statute authorizes Tennessee courts to exercise jurisdiction on "[a]ny basis not inconsistent with the constitution of this state or of the United States." Tenn. Code Ann. §§ 20-2-214(a)(6), 20-2-225(2). "When a state's long-arm statute authorizes the assertion of personal jurisdiction to the limits of federal due process, as does Tennessee's long-arm statute, the issue becomes simply whether the trial court's exercise of personal jurisdiction over the defendant meets due process requirements." *Mfrs. Consolidation Serv., Inc. v. Rodell*, 42 S.W.3d 846, 855 (Tenn. Ct. App. 2000).

Personal jurisdiction is a fundamental requirement of due process, which protects "an individual's liberty interest in not being subject to the binding judgments of a forum with which

he has established no meaningful 'contacts, ties, or relations.'" *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 471-72 (1985) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 319 (1945)). As the United States Supreme Court has held, if a defendant is "not present within the territory of the forum, [the defendant must] have certain minimum contacts with it such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co.*, 326 U.S. at 316 (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)); *see Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 923 (2011). In keeping with that principle, Tennessee's "minimum contacts analysis has always been grounded in fairness and liberty." *State v. NV Sumatra Tobacco Trading Co.*, 403 S.W.3d 726, 755 (Tenn. 2013); *see id.* at 751 ("Personal jurisdiction cases in Tennessee have generally hewn closely to the United States Supreme Court's precedents.").

Minimum contacts exist only where the Court has either "general" or "specific" jurisdiction over the defendant. *See Bristol-Myers Squibb Co. v. Super. Ct. of Cal.*, 137 S. Ct. 1773, 1779-80 (2017). In this case, during the "meet and confer" process, Plaintiff (through her counsel) confirmed that "general" jurisdiction is claimed. (*See* Ex. A to Motion to Dismiss.) The Plaintiff's position appears to be as follows: (i) the Hamilton County Circuit Court is a court of "general jurisdiction;" (ii) the Hamilton County Circuit issued a summons to this Defendant; (iii) therefore, general jurisdiction over this foreign Defendant must exist. Plaintiff's argument is not even remotely close to a correct analysis.

In rare cases, the Due Process Clause permits a state to submit a defendant to the "general" jurisdiction of its courts. *See Williams v. FirstPlus Home Loan Tr. 1996-2*, 209 F.R.D. 404, 410 (W.D. Tenn. 2002) ("[P]roving general jurisdiction over a nonresident defendant is difficult, as evidenced by the greater number of cases rejecting such jurisdiction rather than finding it."). More

4857-4664-3723

6

Case 1:21-cv-00317-DCLC-CHS   Document 35   Filed 02/04/22   Page 6 of 10   PageID #: 2404

commonly, a defendant is amenable to suit only if "specific" jurisdiction applies. *See Daimler AG*, 571 U.S. at 126-28. Here, Plaintiff alleges only "general" jurisdiction in the Amended Verified Complaint.[4] The burden of establishing personal jurisdiction rests on the plaintiff. *Intera Corp.*, 428 F.3d at 615. Plaintiff has not met and cannot meet this burden. HuffPost is not subject to "general" personal jurisdiction in the State of Tennessee.

## II. Plaintiff Does Not and Cannot Establish That HuffPost is Subject to General Jurisdiction in Tennessee.

Plaintiff avers in conclusory fashion that all of the Defendants, including HuffPost, "are subject to the general personal jurisdiction of this Court pursuant to Tenn. Code Ann. § 20-2-101 *et seq.* and Tenn. Code Ann. § 20-2-201 *et seq.*"[5] (D.E. 1-2 ¶ 12.) For "general" jurisdiction to attach, a defendant's affiliations with the forum state must be "so 'continuous and systematic' as to render [it] essentially at home" there. *Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014) (quoting *Goodyear*, 564 U.S. at 919). For a corporation, "the place of incorporation and principal place of business are 'paradig[m] . . . bases for general jurisdiction.'" *Id.* at 137 (alteration in original) (quoting Lea Brilmayer *et al.*, *A General Look at General Jurisdiction*, 66 TEX. L. REV. 721, 735 (1988)). It would be "an exceptional case" to find a corporation "at home" in a state

---

[4] Plaintiff's counsel confirmed during the parties' meet-and-confer discussions that Plaintiff alleges only general personal jurisdiction against HuffPost. In the event that Plaintiff reverses course and attempts to argue "specific jurisdiction," HuffPost reserves the right to address those arguments. HuffPost has relied on the "meet and confer" exchange.

[5] Tenn. Code Ann. § 20-2-101 deals with summons in general sessions court. Tenn. Code Ann. § 20-2-201(a) merely states that a foreign corporation "shall be subject to suit here to the same extent that corporations of this state are by the laws of this state liable to be sued, so far as relates to any transaction had, in whole or in part, within this state or any cause of action arising here." Tenn. Code Ann. § 20-2-201(a). And Tenn. Code Ann. § 20-2-201(b) states that a foreign corporation "having any transaction with persons or having any transaction concerning any property situation in" Tennessee "shall be held to be doing business" in Tennessee. *Id.* § 20-2-201(b). The Amended Verified Complaint is devoid of any allegations that HuffPost has engaged in any transaction with persons or property in Tennessee, and certainly nothing regarding the subject matter of the challenged news story.

4857-4664-3723

7

"other than its formal place of incorporation or principal place of business." *Id*. at 139 n.19. As the Tennessee Supreme Court explained:

> The threshold for satisfying the requirements for general jurisdiction is substantially higher than the requirements for establishing specific jurisdiction. 4 Charles Alan Wright & Arthur R. Miller *Federal Practice and Procedure* § 1067.5, at 517. An assertion of general jurisdiction must be predicated on substantial forum-related activity on the part of the defendant. The nonresident defendant's contacts with the forum state must be sufficiently continuous and systematic to justify asserting jurisdiction over the defendant based on activities that did not occur in the forum state. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. at 416, 104 S. Ct. 1868; *Perkins v. Benguet Consol. Mining Co.*, 342 U.S. at 448, 72 S.Ct. 413; *Lindsey v. Trinity Commc'ns, Inc.*, 275 S.W.3d at 417; *see also* 4 Federal Practice and Procedure § 1067.5, at 507.

*Gordon v. Greenview Hosp., Inc.*, 300 S.W.3d 635, 647-48 (Tenn. 2009) (footnote omitted).

There is no basis for a finding of "general" personal jurisdiction here. HuffPost is not alleged to have "continuous and systematic" contacts with Tennessee, nor can it be deemed "essentially at home" here. The Amended Verified Complaint admits that HuffPost is incorporated in Delaware and has its principal place of business in New York. (D.E. 1-2 ¶ 3; Snyder Decl. ¶ 2.)

Additionally, HuffPost does not maintain any offices in Tennessee or own any property in Tennessee. (Snyder Decl. ¶ 2.) HuffPost does not have employees in Tennessee. (*Id.*)

On December 25, 2020, HuffPost published an article online titled "Sidney Powell's Key Election Witness Is A Pro-Trump Podcaster Once Sued For Fraud: Report," which was subsequently updated on December 26, 2020 (hereinafter referred to as "the Article"), upon which the allegations in the Amended Verified Complaint are based against HuffPost. (*Id.* ¶ 3.) The Article is one of national interest and does not mention the State of Tennessee. (*Id.*)

Although the Amended Verified Complaint fails to explain any theory of jurisdiction over HuffPost or provide any facts, the hopeful notion seems to be that because HuffPost is available via the Internet to Tennessee readers, HuffPost therefore must be subject to "general" personal jurisdiction in the State of Tennessee. (*See* D.E. 1-2, ¶¶ 51-53.) Unfortunately for the Plaintiff,

the Sixth Circuit has held otherwise. *See Bird v. Parsons*, 289 F.3d 865, 874 (6th Cir. 2002) ("[T]he allegation that 4,666 . . . residents registered domain names with [defendant] fails to establish that [defendant] has a 'continuous and systematic' presence in [the forum state]. [T]he fact that [defendant] maintains a website that is accessible to anyone over the Internet is insufficient to justify general jurisdiction."); *see also Cadle Co. v. Schlichtmann*, 123 F. App'x 675, 677 (6th Cir. 2005) ("We have held that the operation of 'a website that is accessible to anyone over the Internet is insufficient to justify general jurisdiction,' even where the website enables the defendant to do business with residents of the forum state, because such activity does not 'approximate[ ] physical presence within the state's borders.'" (quoting *Bird*, 289 F.3d at 874)). The Amended Verified Complaint alleges **no** other continuous and systematic contact that HuffPost has with Tennessee.

Because the sole jurisdictional allegation in the Amended Verified Complaint is the conclusory statement all Defendants are subject to general personal jurisdiction, which is clearly **not** the case with HuffPost, the Court should dismiss the Amended Verified Complaint against HuffPost for lack of personal jurisdiction.

Respectfully submitted,

s/Robb S. Harvey
Robb S. Harvey (Tenn. BPR No. 011519)
WALLER LANSDEN DORTCH & DAVIS, LLP
511 Union Street, Suite 2700
Nashville, TN 37219
(615) 244-6380
robb.harvey@wallerlaw.com

*Counsel for Specially-Appearing Defendant TheHuffingtonPost.com, Inc.*

4857-4664-3723

9

Case 1:21-cv-00317-DCLC-CHS   Document 35   Filed 02/04/22   Page 9 of 10   PageID #: 2407

# CERTIFICATE OF SERVICE

I hereby certify that on February 4, 2022, a true and exact copy of the foregoing was filed via the Court's CM/ECF system. Notice of this filing is anticipated to be sent by operation of the Court's electronic filing system to all registered counsel of record, including the following:

Russell A. Newman
6688 Nolensville Road, Suite 108-22
Brentwood, TN 37027
russell@thenewmanlawfirm.com
*Counsel for Plaintiff*

Douglas N. Letter
Todd B. Tatelman
Sarah Clouse
Brooks M. Hanner
5140 O'Neill House Office Building
Washington D.C. 20515
Douglas.Letter@mail.house.gov
Todd.Tatelman@mail.house.gov
Sarah.Clouse@mail.house.gov
Brooks.Hanner@mail.house.gov
*Counsel for Defendant Steve Cohen*

W. Scott Sims
Michael R. O'Neill
SIMS │ Funk, PLC
3322 West End Ave.
Suite 200
Nashville, TN 37203
ssims@simsfunk.com
moneill@simsfunk.com
*Counsel for Defendants U.S. Dominion, Inc., Dominion Voting Systems, Inc., and Dominion Voting Systems Corporation*

And via first-class U.S. mail to the following non-registered users:

Media Matters for America
75 Broadway Street, Suite 202
San Francisco, CA 94111

Ali Abdul Razaq a/k/a Ali Alexander
5125 Pinellas Avenue
Keller, TX 76244

                      s/Robb S. Harvey