UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
CHATTANOOGA DIVISION

| | |
|---|---|
| TERPSEHORE MARAS, | ) |
| | ) |
| Plaintiff, | )   1:21-CV-00317-DCLC |
| | ) |
| vs. | ) |
| | ) |
| THE HUFFINGTON POST, INC., *et al.*, | ) |
| | ) |
| Defendants. | ) |

**ORDER**

Defendants U.S. Dominion, Inc., Dominion Voting Systems, Inc., and Dominion Voting Systems Corporation (collectively, "Dominion") filed a motion to dismiss for lack of jurisdiction with an accompanying memorandum of law [Docs. 21, 22]. Plaintiff Terpsehore Maras ("Plaintiff") has moved to strike Dominion's motion to dismiss [Doc. 31] and Dominion has filed a response in opposition to the motion to strike [Doc. 32]. For the reasons stated herein, Plaintiff's motion to strike [Doc. 31] is **DENIED**.

Plaintiff argues that the motion to dismiss should be stricken because it states that Plaintiff was charged with consumer fraud and was found liable for fraud by a North Dakota court [Doc. 31]. Plaintiff argues that such information is "immaterial, impertinent, or scandalous," and is also irrelevant, and as such should be stricken pursuant to Federal Rule of Civil Procedure 12(f) [Doc. 31, pg. 4]. Plaintiff argues Dominion included this information in its motion to prejudice this Court against her [Doc. 31, pgs. 4-5].

Defendant counters that Plaintiff's motion is "procedurally improper" because a court can only strike portions of a "pleading" under Rule 12(f), and its motion to dismiss is not a "pleading."

[Doc. 32, pg. 2]. Defendant further argues that the North Dakota consumer fraud action is "directly relevant to the issues in this lawsuit." [Doc. 32, pg. 2]. Dominion explains that Plaintiff's defamation claim against it here is based in part on allegations related to the North Dakota consumer fraud charges that Dominion made against Plaintiff in another lawsuit [*See* Doc. 1, ¶¶ 53-60].

Rule 12(f) of the Federal Rules of Civil Procedure provides that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." A pleading is defined as a "complaint," an "answer to a [complaint, counterclaim or crossclaim]," or "a reply to an answer." Fed. R. Civ. P. 7(a)(1)-(7). Dominion's motion to dismiss [Doc. 21] is not a complaint, answer, or reply to an answer as defined by the Federal Rules of Civil Procedure, and therefore cannot be stricken pursuant to Rule 12(f). *See Fox v. Michigan State Police Dept.*, 173 F. App'x 372, 375 (6th Cir. 2006) (finding the district court correctly decided not to strike exhibits attached to a dispositive motion because "a court may strike only material that is contained in the pleadings."). For that reason, Plaintiff's motion to strike Dominion's motion to dismiss [Doc. 31] is **DENIED**.

SO ORDERED:

s/Clifton L. Corker
United States District Judge