**IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF TENNESSEE CHATTANOOGA DIVISION**

**TERPSEHORE MARAS,**

**Plaintiff,**

**v.**

**REPRESENTATIVE STEVE COHEN, US DOMINION, INC., DOMINION VOTING SYSTEMS, INC., DOMINION VOTING SYSTEMS CORPORATION, MEDIA MATTERS FOR AMERICA and ALI ABDUL RAZAQ AKBAR A/KA/ ALI ALEXANDER,**

**Defendants.**

**Case. No. 1:21-cv-00317-DCLC-CHS**

**JUDGE CLIFTON L. CORKER**

---

**PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS IDENTIFIED IN NON-PARTY J. ALEXANDER HALDERMAN'S SUBPOENA**

---

COMES NOW Plaintiff Terpsehore Maras and, by and through undersigned counsel and pursuant to Fed. R. Civ. P. 45(d) and (g), hereby files this Motion to Compel Production of J. Alexander Halderman's Documents Identified in Non-party Subpoena and in support of said motion respectfully shows unto this Honorable Court the following:

## I. RELEVANT PROCEDURAL HISTORY

On January 24, 2022, a Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises of a Civil Action was issued to J. Alexander Halderman (hereinafter "Mr. Halderman"). The subpoena ordered Mr. Halderman to produce the following documents: "The Expert Report that you wrote that was filed in Donna Curling et al. v. Brad Raffensperger et al., Civil Action No. 1:17-cv-2989-AT; United States District Court, Northern District of Georgia, Atlanta

Division and any subsequent report that you wrote relating to voting machine integrity." (Subpoena Issued to J. Alexander Halderman, attached hereto as Exhibit 1). On January 30, 2022, the subpoena was personally served on Mr. Halderman via hand-delivery by Mr. Benjamin Lewandowski. (Proof of Service attached hereto as Exhibit 2).

Mr. Halderman did not produce the documents identified in the subpoena. Instead of producing the requested documents, Mr. Halderman retained the lawyers who represent the Plaintiffs in the *Donna Curling et al. v. Brad Raffensperger et al.* lawsuit to object to producing the same election fraud report that these lawyers filed in the *Donna Curling* case. (E-mail and letter from Attorney David D. Cross attached hereto as Exhibit 3). The letter dated February 14, 2022, objected to the production of the documents that were identified in the subpoena. *Id*. As grounds for refusing to comply with this Court's subpoena, Professor Halderman cites the *Curling* case and that Judge Amy Totenberg has Mr. Halderman's report filed under seal. While Mr. Halderman is correct that his report is filed under seal in the United States District Court, Northern District of Georgia, Atlanta Division, Mr. Halderman is incorrect about a Georgia trial court having subject matter jurisdiction over the production of Mr. Halderman's report in the Eastern District of Tennessee. The Northern District of Georgia does not establish binding precedent for the Eastern District of Tennessee. Additionally, the Northern District of Georgia is in the Eleventh Circuit Court of Appeals and the Eastern District of Tennessee is in the Sixth Circuit Court of Appeals so even the Eleventh Circuit Court of Appeals has no subject matter jurisdiction over this Court. As such, the Order entered in the *Curling v. Raffensperger* case is of no consequence, and it should not be considered, in ruling on Plaintiff's Motion to Compel.

Mr. Halderman's report on election fraud is discoverable and he cites no objection to the report not being discoverable. Rule 26(b) provides that "Parties may obtain discovery regarding any **<u>nonprivileged matter that is relevant to any of the party's claim</u>** or defense and

proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b) (emphasis added). Plaintiff is a subject matter expert with respect to election fraud. Plaintiff was one of Attorney Sidney Powell's expert witnesses in the election fraud cases that were filed in various different states. Mr. Halderman's report is relevant and it is discoverable as Plaintiff believes that it is corroborating evidence that Plaintiff intends to use in order to prove her defamation case. Plaintiff believes that the report will show that Mr. Halderman reviewed different electronic voting machines, from different years and for different elections, but that he came to the same (or possibly similar) conclusions as Plaintiff. The report is discoverable, it is not privileged and Mr. Halderman has not interposed an adequate objection with respect to refusing to comply with the Court's subpoena. As such, Plaintiff respectfully requests this Court for an Order to compel production of the documents identified in Mr. Halderman's subpoena.

## II. ARGUMENT AND CITATION OF AUTHORITY

Mr. Halderman's Report is discoverable, it is not privileged, and Mr. Halderman has not interposed an adequate objection to prevent its production.

Rule 45 governs the production of documents from non-parties by way of a subpoena. In relevant part, "Every subpoena must: (i) state the court from which it issued; (ii) state the title of the action and its civil-action number; (iii) command each person to whom it is directed to do the following at a specified time and place: attend and testify; **produce designated documents**, electronically stored information, or tangible things in that person's possession, custody, or control; or permit the inspection of premises; and (iv) set out the text of Rule 45(d) and (e)." Fed. R. Civ. P. 45(a)(1)(A) (emphasis added).

In the case at bar, Plaintiff downloaded the subpoena form from this Court's website and inserted the above-referenced information. The subpoena issued by Plaintiff requests that Mr. Halderman produce certain documents that are relevant to Plaintiff's defamation case in chief and these documents are discoverable. To date, Plaintiff has not sought to depose Mr. Halderman. Plaintiff is simply requesting an Order compelling the production of relevant and discoverable documents.

Rule 45(d)(2)(B) governs objections:

> A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. **<u>If an objection is made, the following rules apply</u>**:
>
> > (i) **<u>At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production</u>** or inspection.
> >
> > (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

Fed. R. Civ. P. 45(d)(2)(B) (emphasis added).

In the case at bar, Mr. Halderman served an objection to the production of the documents listed in his subpoena. Pursuant to Fed. R. Civ. P. 45(d)(2)(B)(i), Plaintiff has already put Mr. Halderman on notice of her intent to file a Motion to Compel production of Mr. Halderman's report. *See* Exhibit 3. To be clear, the Northern District of Georgia does not have subject matter jurisdiction over this Court and regarding the production of an otherwise relevant and discoverable documents. CISA does not have subject matter jurisdiction over this Court and regarding the

production of an otherwise relevant and discoverable documents. Since Mr. Halderman's objections are unfounded and without merit, Plaintiff respectfully requests that this Honorable Court enter an Order compelling Mr. Halderman to produce the documents identified in his subpoena.

## III. CONCLUSION

The documents identified in Plaintiff's subpoena are relevant, they are discoverable and they are not privileged. Based upon the foregoing, Plaintiff respectfully requests that this Court grant Plaintiff's Motion to Compel and enter an Order compelling Mr. Halderman to produce the documents identified in his subpoena.

Respectfully submitted this 1st day of March, 2022.

**THE NEWMAN LAW FIRM**

/s/ Russell A. Newman
Russell A. Newman, BPR No. 033462
6688 Nolensville Road
Suite 108-22
Brentwood, TN 37027
(615) 554-1510 (Telephone)
(615) 283-3529 (Facsimile)
E-mail:russell@thenewmanlawfirm.com
*Attorney for Plaintiff Terpsehore Maras*

## CERTIFICATE OF SERVICE

I, Russell A. Newman, do hereby certify that I am counsel for Plaintiff Terpsehore Maras in the above-captioned matter and that a copy of the **PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS IDENTIFIED IN NON-PARTY J. ALEXANDER HALDERMAN'S SUBPOENA** was filed and served via the CM/ECF system for the United States District Court, Eastern District of Tennessee, Chattanooga Division via electronic mail to the following CM/ECF filers:

W. Scott Sims, Esq.
Michael R. O'Neill, Esq.
SIMS│Funk, PLC
3322 West End Ave.
Suite 200
Nashville, TN 37203
(615) 292-9355 (Telephone)
(615) 649-8565 (Facsimile)
ssims@simsfunk.com
moneill@simsfunk.com
*Attorneys for Dominion Defendants*

Todd B. Tatelman, Esq.
Sarah Clouse, Esq.
5140 O'Neill House Office Building
Washington D.C. 20515
Todd.tatelman@mail.house.gov
Sarah.clouse@mail.house.gov
*Attorneys for Congressman Steve Cohen*

And via U.S. Mail on the following non-registered CM/ECF filers:

Media Matters for America
P.O. Box 44811
Washington, DC 20026

Ali Abdul Razaq Akbar a/k/a Ali Alexander
5125 Pinellas Avenue
Keller, TX 76244

David D. Cross, Esq.
2100 L Street, NW
Suite 900
Washington, D.C.
20037

Respectfully submitted this 1st day of March, 2022.

**THE NEWMAN LAW FIRM**

By: /s/ Russell A. Newman ___________
Russell A. Newman, BPR # 033462