**Subject:** RE: Halderman Subpoena: Curling v. Raffensperger
**Date:** Monday, February 14, 2022 at 21:56:38 Central Standard Time
**From:** Cross, David D.
**To:** Russell Newman

Mr. Newman -

The Court repeatedly has ordered the parties and Dr. Halderman not to disclose the report to third parties. It also has repeatedly denied motions by third parties filed in our case for a copy of the report, just as you're seeking. Judge Totenberg's orders are publicly available on the docket in our case.

What authority do you have that one federal judge can order disclosure of something another federal judge has ordered not to be disclosed? You fundamentally misunderstand the jurisdiction of federal courts which is national, not regional as you wrongly posit — which is of course why courts can and often do enter injunctions and other orders that apply across the US, not just in a particular district or circuit.

Again, if you make us brief this in your court, we'll seek fees and costs and any other appropriate relief. A motion to compel would be utterly frivolous.

Best,
DC

**From:** Russell Newman <russell@thenewmanlawfirm.com>
**Date:** Monday, Feb 14, 2022, 7:28 PM
**To:** Cross, David D. <DCross@mofo.com>
**Subject:** Re: Halderman Subpoena: Curling v. Raffensperger

**External Email**

Good evening, Mr. Cross.

Thank you for your e-mail. We will direct future correspondence to you as counsel for Dr. Alex Halderman as it relates to Plaintiff's subpoena.

Plaintiff intends to move forward by filing a motion to compel, but before doing so I wanted to have a brief conversation with you in a good faith effort to amicably resolve our dispute without involving our judge. Plaintiff contends that the Northern District of Georgia, Atlanta Division does not have subject matter jurisdiction over the Eastern District of Tennessee, Chattanooga Division. Even at the appellate level, we are in Sixth Circuit Court of Appeals and the Curling case is in the Eleventh Circuit Court of Appeals. As such, neither the district court nor court of appeals have subject matter jurisdiction over our court. Could you please share with us the authority that you are relying on to withhold production of otherwise discoverable items?

Kindly provide us with a response as soon as possible, but in any event please do so by the close of business on Wednesday (02/16/22). In advance, thank you for your consideration of this matter.

Best regards,

**Russell A. Newman, Esq.**

**The Newman Law Firm**

6688 Nolensville Road

Suite 108-22

Brentwood, TN 37027

T: (615) 554-1510

F: (615) 283-3529

Email: russell@thenewmanlawfirm.com

https://www.thenewmanlawfirm.com/

CONFIDENTIALITY NOTICE: This e-mail communication, including any attached files was sent by or on behalf of the firm and may contain entity to which it is addressed. If you are not the intended recipient or the person responsible for delivering this Communication to the intended error, please immediately notify the sender via return email or telephone.

On Mon, Feb 14, 2022 at 1:09 PM Cross, David D. <DCross@mofo.com> wrote:

> Mr. Newman –
>
> Please see the attached correspondence.
>
> Best,
>
> DC
>
> **DAVID D. CROSS**
>
> **CHAIR OF ANTITRUST LITIGATION PRACTICE**
>
> Partner | Morrison & Foerster LLP
>
> 2100 L Street, NW, Suite 900 | Washington, DC 20037
>
> **P:** +1 (202) 887-8795
>
> mofo.com | LinkedIn | Twitter
>
> ============================================================================
>
> This message may be confidential and privileged. Use or disclosure by anyone other than an intended addressee is prohibited. If you received this message in error, please delete it and advise the sender by reply email. Learn about

Case 1:21-cv-00317-DCLC-CHS   Document 52-3   Filed 03/01/22   Page 2 of 5   PageID #: 2533

Page 2 of 3

Morrison & Foerster LLP's Privacy Policy.

===================================================================

This message may be confidential and privileged. Use or disclosure by anyone other than an intended addressee is prohibited. If you received this message in error, please delete it and advise the sender by reply email. Learn about Morrison & Foerster LLP's Privacy Policy.

# UNITED STATES DISTRICT COURT
for the
Eastern District of Tennessee

| Terpsehore Maras | ) | |
|---|---|---|
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 1:21-cv-00317 |
| THEHUFFINGTONPOST.COM, INC. et al. | ) | |
| | ) | |
| *Defendant* | ) | |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To: J. Alex Halderman, Beyster Building, Room 4717, 2260 Hayward Street, Ann Arbor, MI 48109-2121

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: The Expert Report that you wrote that was filed in Donna Curling et al. v. Brad Raffensperger et al., Civil Action No. 1:17-cv-2989-AT; United States District Court, Northern District of Georgia, Atlanta Division and any subsequent report that you wrote relating to voting machine integrity.

| Place: Beyster Building<br>2260 Hayward Street<br>Ann Arbor, MI 48109-2121 | Date and Time:<br><br>02/14/2022 1:17 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 01/24/2022

                    *CLERK OF COURT*
                                              OR                    /s/ Russell A. Newman
_____                    _____
   *Signature of Clerk or Deputy Clerk*                     *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Terpsehore Maras
_____, who issues or requests this subpoena, are:

Russell A. Newman, 6688 Nolensville Road, Suite 108-22, Brentwood, TN 37027, russell@thenewmanlawfirm.com
615-554-1510

**Notice to the person who issues or requests this subpoena**
A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

# MORRISON | FOERSTER

2100 L STREET, NW
SUITE 900
WASHINGTON, D.C.
20037

TELEPHONE: 202.887.1500
FACSIMILE: 202.887.0763

WWW.MOFO.COM

MORRISON & FOERSTER LLP

BEIJING, BERLIN, BOSTON, BRUSSELS,
DENVER, HONG KONG, LONDON,
LOS ANGELES, NEW YORK, PALO ALTO,
SAN DIEGO, SAN FRANCISCO, SHANGHAI,
SINGAPORE, TOKYO, WASHINGTON, D.C.

February 14, 2022

Writer's Direct Contact
+1 (202) 887.8795
DCross@mofo.com

Mr. Russel A. Newman
6688 Nolensville Road
Suite 108-22
Brentwood, TN 37027

Re: *Curling v. Raffensperger*

Dear Mr. Newman:

    I write regarding the subpoena you served on Dr. J. Alex Halderman for the expert report he wrote in the *Curling v. Raffensperger* matter. We represent Plaintiffs Donna Curling, Donna Price, and Jeffrey Schoenberg (collectively, "Curling Plaintiffs") in that matter. Dr. Halderman prepared the materials sought in your subpoena at our request and expense for the purpose of that matter.

    On behalf of Curling Plaintiffs and Dr. Halderman, we respectfully object to your subpoena. The court has sealed Dr. Halderman's July 1, 2021 report and related testimony that is not already public and denied requests by third parties for access to those materials. We and Dr. Halderman are bound by the court's orders and directives in the *Curling* matter governing those materials and thus are not permitted to disclose them to you or others not authorized by the *Curling* court to have access. Moreover, CISA has advised that disclosure of Dr. Halderman's July 1 report presents serious risk to U.S. elections at this time. Additionally, you have not identified any relevance or need for the materials sought in the subpoena. Nor have you identified any protective measures that would or could be taken to properly secure the report, and the substance thereof, in keeping with the *Curling* court's and CISA's concerns. Accordingly, Dr. Halderman cannot produce the materials sought in the subpoena, and we will seek fees and costs for any effort to enforce the subpoena as that would lack merit and be inappropriate.

Best regards,

*David D. Cross* (signature)

David D. Cross

ny-2334661