# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TENNESSEE AT CHATTANOOGA

| | |
|---|---|
| TERPSEHORE MARAS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. Civil Action No. 1:21-cv-317 |
| ) | |
| CHATTANOOGA NEWS CHRONICLE, ) | |
| THEHUFFINGTONPOST, INC., ) | |
| REPRESENTATIVE STEVE COHEN, ) | |
| US DOMINION, INC., DOMINION ) | Judge Clifton L. Corker |
| VOTING SYSTEMS, INC., DOMINION ) | Magistrate Judge Christopher H. Steger |
| VOTING SYSTEMS CORPORATION, ) | |
| MEDIA MATTERS FOR AMERICA, ) | |
| OHIO INTELLIGENCE TIPS, ROSS ) | |
| ELDER, and ALI ABDUL RAZAQ ) | |
| AKBAR A/K/A ALI ALEXANDER, ) | |
| ) | |
| Defendants. ) | |

## DOMINION'S REPLY IN SUPPORT OF MOTION TO DISMISS

The host of meritless arguments in Plaintiff's response confirms that Plaintiff's complaint must be dismissed because (1) the Court does not have personal jurisdiction over Dominion and (2) Plaintiff has not alleged a valid claim for defamation against Dominion.

## ARGUMENT

### I. THE COURT SHOULD NOT TREAT DOMINION'S MOTION TO DISMISS AS A MOTION FOR SUMMARY JUDGMENT

Plaintiff first argues that Dominion's motion to dismiss should be treated as a motion for summary judgment because Dominion introduced materials that are "outside of the pleadings." (Dkt. No. 47 at pp. 3-7). Plaintiff's argument is contrary to controlling case law and lacks merit.

*First*, a motion to dismiss for lack of personal jurisdiction under Rule 12(b)(2) can be based on affidavits showing a lack of contacts with the forum state. *Malone v. Stanley Black & Decker, Inc.*, 965 F.3d 499, 504 (6th Cir. 2020). Thus, Dominion's introduction of declarations

(Dkt. Nos. 22-1 & 22-2) showing that the Dominion entities have either no or limited contacts with Tennessee was entirely proper. Accordingly, there is no basis to treat Dominion's motion under Rule 12(b)(2) as a motion for summary judgment.

***Second***, a motion to dismiss for failure to state a claim under Rule 12(b)(6) can be based on documents outside of the complaint so long as the documents are referenced in the complaint or appear in the public record and are central to the plaintiff's claim. *Bassett v. National Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008); *Buchanan v. Pilgrim's Pride Corp.*, 2011 WL 30473333, *1 (E.D. Tenn. July 25, 2011); *SunTrust Bank v. Stoner*, 2008 WL 4443281, at *2 (E.D. Tenn. Sept. 26, 2008). Here, Plaintiff's defamation claim against Dominion is based on statements in Dominion's letter to Powell, Dominion's press releases about Powell, and Dominion's defamation complaint against Powell (which includes the judicial opinions and other exhibits it cites and attaches). The introduction of these documents plainly does not convert Dominion's motion into one for summary judgment because Plaintiff herself referenced them in her complaint and because they are central to her defamation claim against Dominion. (Dkt. No. 1-1 at ¶¶ 36-50, 54-61.)

In addition, it is black-letter law that "a court may take judicial notice of other court proceedings without converting the motion into one for summary judgment." *Buck v. Thomas M. Cooley Law Sch.*, 597 F.3d 565, 576 (6th Cir. 2008). So, the Court can certainly take judicial notice of the fact that a North Dakota court fined Plaintiff for defrauding consumers, *see State ex rel. Stenehem v. Maras*, 958 N.W.2d 475 (N.D. 2021) (Dkt. No. 22-2, Exh. D, Exh. 52); that a federal court concluded that Powell's affidavits (which included Plaintiff's) were "unreliable," *Bower v. Ducey*, Case No. 20-cv-2321 (Dkt. No. 22-2, Exh. E at p. 24); and that another federal court sanctioned Powell for her frivolous election litigation, which the court concluded was a

"historic and profound abuse of the judicial process." *King v. Whitmer*, Case No. 20-cv-13134 (Dkt. No. 22-2, Exh. F at p. 1).

Although it is understandable that Plaintiff would want to steer the Court away from these materials, they are properly before the Court and there is no basis to convert Dominion's motion under Rule 12(b)(6) into one for summary judgment.

## II. DOMINION'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION SHOULD BE GRANTED

### A. Plaintiff's Legal Analysis is Erroneous

Plaintiff argues that the Hamilton County Circuit Court had general personal jurisdiction over Dominion under Tenn. Code Ann. § 20-2-201, which is part of Tennessee's long-arm statute. Plaintiff then argues that since the Hamilton County Circuit Court had general personal jurisdiction, on removal, this Court also has general personal jurisdiction over Dominion. (Dkt. No. 47 at 10-13).[1] In support of this argument, Plaintiff contends that the Court should look solely to Tenn. Code Ann. § 20-2-201 and ignore established United States Supreme Court precedent on personal jurisdiction, including *International Shoe* and its progeny, because that case law "is not applicable." (*Id.* at pp. 14-15). Plaintiff's entire argument is wrong and fails on multiple levels.

*First*, the Hamilton County Circuit Court did not have general personal jurisdiction over Dominion. Tennessee law on general personal jurisdiction mirrors the federal law that Dominion cited in its motion. In particular, in *Gordon v. Greenview Hospital, Inc.*, 300 S.W.3d 635, 646-48 (Tenn. 2009), the Tennessee Supreme Court held:

> An assertion of general jurisdiction must be predicated on substantial forum-related activity on the part of the defendant. The nonresident defendant's contacts with the forum state must be sufficiently continuous and systematic to justify asserting jurisdiction over the defendant based on activities that did not occur in the forum state.

---

[1] In her response, Plaintiff does not contend that the Court has specific personal jurisdiction over Dominion. Thus, Dominion will not address that issue in this reply.

*Id.* at 648 (citing *Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408, 414 (1984)). Here, Dominion submitted a declaration showing that US Dominion, Inc. and Dominion Voting Systems Corporation do not have any contacts with Tennessee. (Dkt. No. 22 at p. 12). Dominion also showed that Dominion Voting Systems, Inc. has only very limited contacts with Tennessee that cannot be characterized as continuous and systematic. (*Id.*) As discussed further below, Plaintiff did not introduce any evidence to rebut that showing. Thus, the Hamilton County Circuit Court did not have general personal jurisdiction over Dominion.

*Second*, it is hornbook law that the determination of whether a federal court has personal jurisdiction over a nonresident defendant is not based solely on the scope of the forum state's long-arm statute. Instead, the determination involves a two-prong analysis: Jurisdiction must be consistent with the requirements of the Due Process Clause of the Fourteenth Amendment ***and*** be authorized by the forum state's long-arm statute. *Asahi Metal Indus. Co., Ltd. v. Superior Court of California*, 480 U.S. 102, 108 (1987). Plaintiff ignores the Due Process prong and the constitutional framework that must be assessed under that prong.

*Third*, Tenn. Code Ann. § 20-2-201 does not even apply to the facts of this case. Section 20-2-201(a) provides that foreign corporations "doing business in the state" are subject to being sued in Tennessee "so far as [the suit] relates to any transaction had, in whole or in part, within this state or any cause of action arising here . . . ." *Id.* § 20-2-201(a). Section 20-2-201(b) clarifies that for purposes of Section 20-2-201(a), a foreign corporation is deemed to be "doing business" in the state by "having any transaction with persons or having any transaction concerning any property situated in this state . . . ." *Id.* at 20-2-201(b). Here, Plaintiff's claim does not relate to or have anything to do with Dominion's minimal transactions in Tennessee. Dominion's allegedly defamatory statements were not drafted in or published from Tennessee, they did not

target a Tennessee resident, and they did not cause Plaintiff (or anyone else) to suffer alleged damages in Tennessee. (Dkt. No. 22 at p. 15).[2] Indeed, by conceding that the Court does not have specific personal jurisdiction, Plaintiff in effect concedes that this case is not based on a transaction that occurred in Tennessee. Thus, again, Section 20-2-201 does not apply here.

***Finally***, it is black-letter law that the Court must apply federal case law precedent in determining whether the Court has personal jurisdiction over Dominion. Indeed, the very case that Plaintiff cites in her brief—*Walden v. Fiore*, 571 U.S. 277 (2014)—provides exactly that. In *Walden*, the Supreme Court reiterated the well-established rule cited above—that in order for a court to exercise personal jurisdiction, jurisdiction must be consistent with the requirements of the Due Process Clause and be authorized by the forum state's long-arm statute. *Id.* at 283. After determining that the state's long-arm statute authorized jurisdiction, the Court went on to analyze the requirements of the Due Process Clause under the well-settled cases that Dominion cited in its motion, including, among others, *International Shoe* and *Helicopteros Nacionales*. *Id.* at 283-86. The Court should decline Plaintiff's invitation to disregard more than 70 years of Supreme Court jurisprudence on personal jurisdiction.[3]

---

[2] The only provision of Tennessee's long-arm statute that applies here is Tenn. Code. Ann. § 20-2-214(a)(6), which authorizes service of process outside of the state on "[a]ny basis not inconsistent with the constitution of this state or of the United States."

[3] Dominion cited long-standing and frequently cited United States Supreme Court cases for basic, hornbook propositions of law. *See Helicopteros Nacionales*, 466 U.S. 408 (cited by Dominion for the principles that (1) courts recognize general jurisdiction and specific jurisdiction; (2) specific jurisdiction may be asserted only when the plaintiff's cause of action arises from or is related to the nonresident defendant's activities in the forum state; and (3) the exercise of personal jurisdiction cannot offend traditional notions of fair play and substantial justice); *BNSF Ry. Co. v. Tyrrell*, 137 S. Ct. 1549 (2017) (cited by Dominion for the principles that (1) for a corporation, general jurisdiction exists in its place of incorporation and its principal place of business; and (2) for a corporation to be deemed to have continuous and systematic contacts with a forum state, the corporation's activities in the state must be so substantial that the corporation would be deemed to effectively be "at home" in the state). Dominion will not waste the Court's time explaining why Plaintiff's attempts to "distinguish" the facts of these cases have no bearing on the black-letter principles of law for which Dominion cited them.

### B. Plaintiff Has Failed to Meet Her Burden of Proof

As indicated above, Dominion submitted sworn testimony showing that the Court does not have general personal jurisdiction over Dominion because (1) US Dominion, Inc. and Dominion Voting Systems Corporation do not have any contacts with Tennessee and (2) Dominion Voting Systems, Inc. does not have contacts with Tennessee that can be characterized as continuous and systematic. (Dkt. No. 22 at p. 12). Thus, the burden of proof shifted to Plaintiff to come forward with ***actual evidence, not just allegations***, to show that the Court has jurisdiction over Dominion. *Malone*, 965 F.3d at 504. Although Plaintiff submitted her own affidavit (Dkt. No. 47-1), there is nothing in that affidavit that touches on Dominion's contacts with Tennessee or rebuts the testimony that Dominion submitted. Indeed, there is nothing in Plaintiff's affidavit that touches on the jurisdictional analysis at all. Instead, in her brief, Plaintiff offers unsupported (and false) allegations, all of which are insufficient to establish a prima facie case of jurisdiction.

Plaintiff alleges in conclusory fashion that Dominion "manipulated Tennesseans votes in the 2020 election." (Dkt. No. 47 at p. 12.) Aside from being false, Plaintiff has offered no evidentiary support for this claim (because there is none). But even if Plaintiff's allegation were true (which it is not) and even if Plaintiff had supported it with evidence (which she has not), it would be legally irrelevant because Plaintiff did not sue Dominion for manipulating votes in Tennessee. Instead, Plaintiff sued Dominion for statements Dominion made outside of Tennessee about Sidney Powell (not Plaintiff) and for referencing in its lawsuit against Powell the judicial opinions fining Plaintiff for defrauding consumers in North Dakota and finding that the affidavits Powell submitted in Arizona (which included Plaintiff's) were "unreliable." Notably, although the affidavit that Plaintiff submitted in support of Powell's election litigation makes a number of

false claims about Dominion's transactions in other states, ***it does not mention Tennessee***. (Pltf.'s Compl. Exh. 1).

Plaintiff next alleges that "Dominion defamed Plaintiff on the world wide web publishing defamatory statements in Tennessee." (*Id.*). Even if Plaintiff had offered some evidentiary support for this contention (which she did not), in the context of a defamation suit, the mere posting of information on the internet does not confer nationwide jurisdiction. *Kent v. Hennelly*, 328 F. Supp. 3d 791, 798 (E.D. Tenn. 2018). Instead, Plaintiff would have to establish that Dominion intentionally caused harm to a resident of Tennessee and that Dominion targeted its intentional conduct at Tennessee, all of which Plaintiff has failed to do (and cannot do). *Id.*

Finally, Plaintiff alleges that Dominion's motion is based on "unsworn statements of the Dominion Defendants' lawyer." (*Id.*). In reality, Dominion's motion to dismiss for a lack of personal jurisdiction is based on two sworn declarations, neither of which Plaintiff has rebutted. (Dkt. Nos. 22-1, 22-2).

In sum, Plaintiff's unsupported allegations are not sufficient to show a prima facie case of personal jurisdiction. Thus, Plaintiff's case should be dismissed for lack of jurisdiction.

### D. The Court Should Reject Plaintiff's Nonspecific Request for a Transfer

Plaintiff argues that if the Court finds it does not have personal jurisdiction over Dominion, the Court should transfer the case to a court that would have jurisdiction. (Dkt. No. 47 at pp. 20-21). However, Plaintiff does not identify the court that Plaintiff believes would have jurisdiction over any of the Dominion entities, let alone all three of them. Thus, in effect, Plaintiff's request is an improper request for an advisory opinion. Dominion submits that that request should be rejected.

## III. DOMINION'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM SHOULD BE GRANTED

### A. Dominion's Retraction Demand Letter to Powell and Its Public Statements About Powell are Not "of and Concerning" Plaintiff

Dominion's retraction demand letter to Sidney Powell and its press releases about Powell cannot form the basis of Plaintiff's defamation claim because those statements were about Powell, not Plaintiff. (Dkt. No. 22 at pp. 17-19). In her response, Plaintiff tacitly admits that Dominion did not reference her in those statements. Instead, Plaintiff argues that Dominion referenced the word "Kraken" and since Plaintiff has herself "referenced" that word on her podcast and in her private conversations, Dominion's statements should be construed as being "of or concerning" her.[4] (*Id.*). Notably, Plaintiff does not allege that she is known as or has marketed herself as the "Kraken;" but she has merely spoken that term in the past. (*Id.*). Plaintiff's argument is frivolous.

*First*, Dominion did not reference the word "Kraken" in either of its press releases about Powell. (Dkt. Nos. 22-4, 22-5). Thus, even under Plaintiff's flawed logic, as a matter of law, those two statements cannot form the basis of Plaintiff's defamation claim.

*Second*, in its letter to Powell, Dominion's only reference to the word "Kraken" was a reference to Powell's fundraising campaign that Powell had referred to as the "Kraken." (Dkt. No. 22-3 at p. 2). Dominion stated: "Given the sheer volume and ever-expanding set of lies that ***you [Powell]*** have told and are continuing to tell about Dominion as part of ***your [Powell's]*** multi-media disinformation ***'Kraken'*** fundraising campaign, it would be impractical to address every one of your ***[Powell's]*** falsehoods in this letter.'"[5] (*Id.*) (emphases and bracketed text added). No

---

[4] The term "Kraken" refers to a legendary sea monster that was first referenced by Italian writer Francesco Negri in 1700, a character that has since appeared in other books and Hollywood movies, including Clash of the Titans (1981) and Pirates of the Caribbean: Dead Man's Chest (2006). https://en.wikipedia.org/wiki/Kraken.

[5] To be clear, Plaintiff does not allege or provide any indication that Powell's "Kraken" fundraising campaign had anything to do with Plaintiff's charitable fundraising scam for which she was fined

reasonable person would believe that this statement—in a letter that was directed to Powell and that referenced a fundraising campaign that was being conducted by Powell—was "of or concerning" Plaintiff, *i.e.*, that Plaintiff was the subject of Defendants' statements. *Michigan United Cons. Clubs v. CBS News*, 665 F.2d 110, 112 (6th Cir. 1981) (affirming dismissal because "the individual plaintiffs failed to establish a prima facie case that the [alleged libels] concerned them personally" and explaining that "[v]ague, general references . . . do not constitute actionable defamation").

*Finally*, there is no legal authority—and Plaintiff certainly has not cited any—that would support the proposition that Plaintiff can sue Dominion for defamation because Dominion uttered a broad, nebulous word (associated with a mythical sea monster) simply because Plaintiff has allegedly used that word before. To the contrary, courts across the country and in the Sixth Circuit have implemented the "of and concerning" requirement to dismiss frivolous defamation claims by interlopers seeking to cash-in on statements that are not about them. *See Steele v. Ritz*, 2009 WL 4825183, at *3 (Tenn. Ct. App. Dec. 16, 2009)

### B. The Statements in Dominion's Complaint Against Powell are Absolutely Privileged

The statements in Dominion's complaint against Powell cannot form the basis of a defamation claim because those statements are protected under the litigation privilege, which acts as an ***absolute*** bar to Plaintiff's claim. (Dkt. No. 22 at pp. 19-20). Plaintiff argues that the litigation privilege does not apply because Dominion's allegations that Plaintiff had been fined in North Dakota for engaging in a fundraising scam is not relevant to Plaintiff's claims against

---

in North Dakota. On the one hand, Powell was trying to raise money to fund the frivolous lawsuits she was filing around the country (but not in Tennessee). On the other hand, the North Dakota trial court found fined Plaintiff for defrauding members of the public so that they would give her money which she turned around and used to pay her personal expenses.

Powell. (Dkt. No. 47 at p. 20). Not so. Powell's reliance on facially unreliable sources is relevant to her disregard for the truth, which is an element of Dominion's defamation claim against Powell. *See St. Amant v. Thompson*, 390 U.S. 727, 732 (1968). As such, Dominion pled numerous facts showing that Plaintiff is a facially unreliable source, including that a North Dakota court fined her for defrauding consumers and that a federal court in Arizona had determined Powell's affidavits (which included Plaintiff's) were "unreliable." Those judicial opinions are highly relevant to Dominion's defamation claim against Powell because they gave Powell "obvious reasons to doubt the veracity" of Plaintiff and her claims. *Id.* Accordingly, the statements in Dominion's complaint against Powell are absolutely privileged and cannot form the basis of Plaintiff's claim for defamation. *Goetz v. Autin*, 2016 WL 537818, at *10 (Tenn. Ct. App. Feb. 10, 2016).[6]

## CONCLUSION

For the foregoing reasons and the reasons set forth in its motion, Dominion respectfully request that the Court grant its motion to dismiss in its entirety.

Respectfully submitted,

*/s/ W. Scott Sims*
W. Scott Sims (#17563)
Michael R. O' Neill (#34982)
SIMS|FUNK, PLC
3322 West End Ave., #200
Nashville, TN 37203
(615) 292-9335
(615) 649-8565
ssims@simsfunk.com
moneill@simsfunk.com

*Counsel for Dominion Defendants*

---

[6] Plaintiff also suggests that the litigation privilege should not apply because she was a "government whistleblower" in Powell's lawsuits. (Dkt. No. 47, at p. 20). Putting aside that there is no legal basis for that proposition, Plaintiff has not provided any factual basis to suggest that she was acting as a "government whistleblower." Instead, Plaintiff expressly contends that she was acting as one of Powell's so-called experts and that she is the host of a podcast. (*Id.* at p. 15).

02564653                                    10

# CERTIFICATE OF SERVICE

I hereby certify that on March 4, 2022, a copy of the foregoing was filed via the Court's CM/ECF system which will send notice of this filing via electronic mail notice to the following:

Russell A. Newman
The Newman Law Firm
6688 Nolensville Road
Suite 108-22
Brentwood, TN 37027
russell@thenewmanlawfirm.com

Todd Tatelman
Sarah Clouse
United States House of Representatives,
General Counsel
219 Cannon House Office Building
Washington, DC 20515
202-225-9700
todd.tatelman@mail.house.gov
sarah.clouse@mail.house.gov

Douglas N. Letter
Office of General Counsel
U.S. House of Representatives
5140 O'Neill House Office Building
Washington, D.C. 20515
(202) 225-9700
Douglas.Letter@mail.house.gov

And via U.S. Mail to the following:

MEDIA MATTERS FOR AMERICA
75 Broadway Street, Suite 202
San Francisco, CA 94111

ALI ABDUL RAZAQ AKBAR
A/K/A ALI ALEXANDER
5125 Pinellas Avenue
Keller, TX 76244

/s/ W. Scott Sims
W. Scott Sims