IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

TERPSEHORE MARAS,

                Plaintiff,

v.

CHATTANOOGA NEWS
CHRONICLE, *et al*.,

                Defendants.

Case No: 1:21-cv-317

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS FOR MEDIA MATTERS FOR AMERICA

Plaintiff's lawsuit is one of the latest, misguided outgrowths of the 2020 election. The Court should dismiss her claims against Media Matters for America ("Media Matters") because: (1) this Court lacks jurisdiction over Media Matters; and (2) even if this Court reaches the merits, they fail as a matter of law.

President Trump, together with his attorneys, waged a campaign to gin up claims of a massive conspiracy to commit fraud in the 2020 Presidential election. Courts across this country consistently rejected cases advancing these claims.[1] Media Matters reported on the media coverage of the claims, and on November 20, 2020, published an article in New York reporting on legal challenges to the 2020 election results. The Article does not reference Plaintiff, was published before, as she herself alleges, any involvement she has in these efforts, and accurately conveys information about the litigation and media reactions to it. Her own complaint does not even attempt

---

[1] *See, e.g.*, Minute Entry, *Pearson v. Kemp*, No. 1:20-CV-04809 (N.D. Ga. Dec. 7, 2020) (ECF No. 74); Order, *King v. Whitmer*, No. 2:20-CV-13134 (E.D. Mich. Dec. 7, 2020) (ECF No. 62); Order, *Feehan v. Wis. Elections Comm'n*, No. 2:20-CV-1771 (E.D. Wis. Dec. 9, 2020) (ECF No. 83); Order, *Bowyer v. Ducey*, No. 2:20-CV-2321 (D. Ariz. Dec. 9, 2020) (ECF No. 84).

to identify what, in the Article in question, is supposedly defamatory. In these circumstances, Plaintiff's defamation claim plainly fails as a matter of law and should be dismissed.

Most importantly, this Court need not reach the merits of Plaintiff's claims: It has no personal jurisdiction over Media Matters. Media Matters is a 501(c)(3) non-profit based in Washington, DC. Plaintiff is an Ohio resident suing Media Matters over an article that was published in New York on November 20, 2020. Under these circumstances, the law cannot support personal jurisdiction in Tennessee, and Media Matters respectfully submits that the Court should dismiss the claims against it pursuant to Federal Rule of Civil Procedure 12(b)(2) and 12(b)(6).

## BACKGROUND

On November 20, 2020, Media Matters published an article titled "Right-wing media feud erupts over Trump lawyer Sidney Powell's bonkers election conspiracy theories" on its website. Ex. 1 (hereinafter, the "Article"). The Article describes media coverage of Sidney Powell's cases and public statements about the election by quoting and linking source articles and videos. *Id.*

Plaintiff initially filed this case on October 29, 2021, in the Circuit Court of Hamilton County, Tennessee. ECF No. 1-1. Plaintiff then filed an amended complaint on November 29, 2021. ECF No. 1-2. Defendant Steve Cohen successfully removed this case to federal court on December 27, 2021. ECF No. 1. Plaintiff served Media Matters on February 14, 2022. ECF No. 51. This motion to dismiss timely follows.

Plaintiff's Complaint is scarce on details with regard to its claim against Media Matters. Indeed, Plaintiff only mentions Media Matters in two paragraphs in her complaint. As described below, in one paragraph, Plaintiff (incorrectly) alleges Media Matters' residency. (*See* Amended Complaint ("Am. Compl."), ECF No. 1-2, ¶ 8.) In the other, Plaintiff names the Article, and baldly

2

Case 1:21-cv-00317-DCLC-CHS   Document 62   Filed 03/07/22   Page 2 of 19   PageID #: 2573

claims it defamed her. (*Id.* ¶ 71.) Plaintiff's complaint does not specify what she believes to be defamatory in the Article.

Indeed, Plaintiff's complaint is in marked tension with her assertion that some unidentified statement in the Media Matters Article defamed her. The Media Matters Article was published on November 20, 2020. Yet, central to Plaintiff's defamation claim is that she signed an affidavit in the case *Tyler Bowyer et al. v. Doug Ducey et al.*, No. 2:20-CV-2321-DJH (D. Ariz.) on November 29, 2020, and the Court subsequently rejected the expert opinions contained therein as unreliable. Critically and dispositively, these events occurred *after* Media Matters' publication of its Article. Plaintiff's claim against Media Matters seems to rest solely on the contention that "[w]hen the Defendants publish defamatory statements against Attorney Sidney Powell, the Kraken, or any of Sidney Powell's election fraud accusations and/or conclusions, the Defendants are defaming Plaintiff." (*See* Am. Compl. ¶ 32.) This bare assertion is unsupported by any well-pled factual allegations—particularly with regard to any statements made regarding Ms. Powell that predate Plaintiff's submission of an affidavit in the *Bowyer* matter, such as the reporting by Media Matters.

## ARGUMENT

### I. This Court lacks personal jurisdiction over Media Matters.

On a motion to dismiss for lack of personal jurisdiction, "[t]he burden of establishing jurisdiction is on the plaintiff." *Am. Greetings Corp. v. Cohn*, 839 F.2d 1164, 1168 (6th Cir. 1988) (quoting *Welsh v. Gibbs*, 631 F.2d 436, 438 (6th Cir. 1980)); *see also Malone v. Stanley Black & Decker, Inc.*, 965 F.3d 499, 504 (6th Cir. 2020). This burden requires the plaintiff to facially establish personal jurisdiction "over each defendant independently," *Beydoun v. Wataniya Rests. Holding, Q.S.C.*, 768 F.3d 499, 504 (6th Cir. 2014). In its filings, Plaintiff must "establish, with reasonable particularity, sufficient contacts between the defendant and the forum state to satisfy the relevant long-arm statute and the Due Process Clause." *Malone*, 965 F.3d at 504.

The Court may only exercise "personal jurisdiction over a nonresident defendant" if jurisdiction "meets the [forum] state's long-arm statute and constitutional due process requirements." *Intera Corp. v. Henderson*, 428 F.3d 605, 615 (6th Cir. 2005). Tennessee's long-arm statute authorizes Tennessee courts to exercise jurisdiction on "[a]ny basis not inconsistent with the constitution of this state or of the United States." *See* Tenn. Code Ann. §§ 20-2-214(a)(6), 20-2-225(2). "When a state's long-arm statute authorizes the assertion of personal jurisdiction to the limits of federal due process, as does Tennessee's long-arm statute, the issue becomes simply whether the trial court's exercise of personal jurisdiction over the defendant meets due process requirements." *Mfrs. Consolidation Serv., Inc. v. Rodell*, 42 S.W.3d 846, 855 (Tenn. Ct. App. 2000); *see also Bridgeport Music, Inc. v. Still N The Water Pub.,* 327 F.3d 472, 477 (6th Cir. 2003).

For personal jurisdiction to comport with the Due Process Clause, (1) the non-resident defendant must have "certain minimum contacts" with the forum state that are such that (2) the maintenance of the lawsuit in the state would "not offend traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945); *Youn v. Track, Inc.*, 324 F.3d 409, 417 (6th Cir. 2003). Neither requirement is satisfied here.

### A. Media Matters is not subject to general jurisdiction in Tennessee.

Under federal due process analysis, there are two bases of personal jurisdiction: "(1) general personal jurisdiction, where the suit does not arise from defendant's contacts with the forum state; and (2) specific jurisdiction, where the suit does arise from the defendant's contacts with the forum state." *Conn v. Zakharov*, 667 F.3d 705, 712–13 (6th Cir. 2012). Plaintiff alleges that all Defendants, including Media Matters, "are subject to the general personal jurisdiction of this Court." (*See* Am. Compl. ¶ 12.) For general jurisdiction to attach, Media Matters contacts with the forum state must be "so 'continuous and systematic' as to render [it] essentially at home."

4

Case 1:21-cv-00317-DCLC-CHS   Document 62   Filed 03/07/22   Page 4 of 19   PageID #: 2575

*Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919, (2011)). For a corporation, general jurisdiction exists in two places, its "place of incorporation and its principal place of business." *BNSF Ry. Co. v. Tyrrell*, 137 S. Ct. 1549, 1558 (2017). It would be "an exceptional case" to find a corporation "at home" in a state "other than its formal place of incorporation or principal place of business." *Daimler*, 571 U.S. at 139 n.19.

Media Matters does not have continuous and systematic contacts in Tennessee. It does not have any offices in Tennessee, (*see* Declaration of Angelo Carusone, Ex. 2 ¶ 5 (hereinafter, "Decl.")), or any employees in Tennessee, (*id*. at ¶ 7.) Plaintiff does not allege otherwise. She alleges that Media Matters is a resident of California, not Tennessee. (Am. Compl. ¶ 8.) She is mistaken, although her error shows that she is aware that Media Matters is not a Tennessee resident. Media Matters' place of incorporation as a 501(c)(3) nonprofit and principal place of business are Washington, DC. (Ex. 2 ¶ 4.) Plaintiff fails to plead that Media Matters has *any* Tennessee connections.[2]

Plaintiff instead cites Tenn. Code Ann. § 20-2-201. Tenn. Code Ann. § 20-2-201(a) reads:

> Any corporation claiming existence under the laws of the United States or any other state [i.e., Delaware] or of any foreign country to the United States, or any business trust found doing business in this state, shall be subject to suit here to the same extent that corporations of this state are by the laws of this state liable to be sued, ***so far as***

---

[2] Even if Plaintiff had alleged Tennessee residents might read content published by Media Matters, which she hasn't, the fact that some individuals in Tennessee may read Media Matters's content is not enough to subject it to general jurisdiction. *Bird v. Parsons*, 289 F.3d 865, 874 (6th Cir. 2002) ("[T]he fact that [defendant] maintains a website that is accessible to anyone over the Internet is insufficient to justify general jurisdiction."); *see also Cadle Co. v. Schlichtmann*, 123 F. App'x 675, 677 (6th Cir. 2005) ("We have held that the operation of 'a website that is accessible to anyone over the Internet is insufficient to justify general jurisdiction,' even where the website enables the defendant to do business with residents of the forum state, because such activity does not 'approximate[ ] physical presence within the state's borders.'").

> *relates to any transaction had, in whole or in part, within this state or any cause of action arising here, but not otherwise*.

Plaintiff's claim against Media Matters does not fall within that category. Plaintiff's claim against Media Matters is based solely on an article drafted and published in the New York City area. (*See* Ex. 2 ¶ 10; Am. Compl. ¶ 71.) Plaintiff lives in Ohio. (Am. Compl. ¶ 1.) And the allegations in the complaint relate to Plaintiff's affidavit in a case in Arizona occurred after publication of the Media Matters' Article. (*Id*. at ¶¶ 14–19.)

In filings to the Court, Plaintiff has argued that because this case was removed from a state court in Tennessee, the Court has personal jurisdiction. ECF No. 47 at 14. But "unilateral activity of a plaintiff," including bringing an action in a certain state court, is not sufficient to confer personal jurisdiction over Media Matters. *Walden v. Fiore*, 571 U.S. 277, 286 (2014); *see also Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 417 (1984) ("[The] unilateral activity of another party or a third person is not an appropriate consideration when determining whether a defendant has sufficient contacts with a forum State to justify an assertion of jurisdiction").

Subjecting Media Matters to personal jurisdiction in Tennessee would also offend the notions of fair play and substantial justice. "[C]ourts in "appropriate case[s]" may evaluate "the burden on the defendant," "the forum State's interest in adjudicating the dispute," "the plaintiff's interest in obtaining convenient and effective relief," "the interstate judicial system's interest in obtaining the most efficient resolution of controversies," and the "shared interest of the several States in furthering fundamental substantive social policies." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 292 (1980); *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476–77 (1985) (citing the same). These factors weigh against subjecting Media Matters to jurisdiction. It will burden Media Matters, a Washington, DC nonprofit, to litigate this case in Tennessee. Plaintiff

is not located in Tennessee, so it is not a convenient forum for her. And Tennessee has no interest in the adjudication of this dispute. This Court should reject a finding of general personal jurisdiction.

### B. Media Matters is not subject to specific personal jurisdiction in Tennessee.

Plaintiff has not alleged that Media Matters is subject to specific personal jurisdiction. There is thus no basis for personal jurisdiction over Media Matters under this theory. In any event, it would be similarly improper.

For specific jurisdiction, "the defendant's suit-related conduct must create a substantial connection with the forum State." *Walden*, 571 U.S. at 284 (emphasis added). Content available on the Internet must still satisfy this standard. *Does 1-10 v. Haaland*, 973 F.3d 591, 599 n.3 (6th Cir. 2020), *cert. denied sub nom. Does v. Haaland*, 141 S. Ct. 2466, (2021) (quoting *Shrader v. Biddinger*, 633 F.3d 1235, 1240 (10th Cir. 2011)) ("[I]t is necessary to adapt the analysis of personal jurisdiction to this unique circumstance [of electronic communications] by placing emphasis on the internet user or site *intentionally directing* his/her/its activity or operation *at* the forum state rather than just having the activity or operation accessible there."). "In the context of defamation actions arising out of internet posts, the majority of federal courts have held that the mere posting of information or advertisements on an internet website does not confer nationwide personal jurisdiction." *Kent v. Hennelly*, 328 F. Supp. 3d 791, 798 (E.D. Tenn. 2018) (internal quotations omitted). "These cases require, in addition to intentional conduct causing harm to a forum resident, evidence the nonresident defendant expressly aimed or intentionally targeted his intentional conduct at the forum state." *Id.*

"The Sixth Circuit has established a three-part test to determine whether the court may exercise specific jurisdiction over a particular defendant:

> First, the defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state. Second, the cause of action must arise from the defendant's activities there. Finally, the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable.

*S. Mach. Co. v. Mohasco Indus., Inc.*, 401 F.2d 374, 381 (6th Cir.1968). None of these prongs are satisfied here.

A finding of purposeful availment on the part of the defendant is essential to a specific jurisdiction determination. *Calphalon Corp. v. Rowlette*, 228 F.3d 718, 721 (6th Cir. 2000). The purposeful availment standard "ensures that a defendant will not be haled in a jurisdiction solely as a result of random, fortuitous, or attenuated contacts or of the unilateral activity of another party or third person." *Air Prods. & Controls, Inc. v. Safetech Int'l, Inc.*, 503 F.3d 544, 551 (6th Cir. 2007) (quotations omitted) (citing *Burger King*, 471 U.S. at 475). Here, Media Matters did not avail itself of Tennessee. Neither did Media Matters target its content at Tennessee. (*See* Ex. 2 ¶ 9.) As in *Kent*, Media Matters "does not mention Tennessee in [its Article] and the posts were not related to any issue pending in Tennessee," and the Article "did not concern any Tennessee-related activities by [Plaintiff]." 328 F. Supp. 3d at 798. The Court similarly should find that because the "alleged tortious conduct did not occur in Tennessee" so "the complaint does not satisfy the purposeful availment test." *Id.*; *see also Bailey v. Turbine Design, Inc.*, 86 F. Supp. 2d 790, 796 (W.D. Tenn. 2000) ("To find that personal jurisdiction exists on the facts in this case would be to subscribe to the notion that anyone who posted information on the Internet is subject to nationwide jurisdiction, a leap this court is not prepared to make" and granting motion to dismiss).

The action also does not arise from Media Matters' activity in Tennessee. It concerns an article published in another state that Plaintiff, an Ohio resident, claims defames her. Simply put, this has nothing to do with Tennessee. The Sixth Circuit has recognized activities which are "connected with" or "related to" the forum will satisfy this requirement. *Youn*, 324 F.3d at 419. Plaintiff has not alleged any contacts Media Matters has in Tennessee, and Media Matters's affidavit confirms that it does not have any. (Ex. 2 ¶¶ 4–7); *Kent*, 328 F. Supp. 3d at 799 (citing *Burger King*, 471 U.S. at 475) (emphasizing that personal jurisdiction must be based on "actions by the defendant himself that create a substantial connection with the forum").

Finally, for the reasons stated *supra*, exercising personal jurisdiction over Media Matters would not be reasonable. Tennessee as the forum state does not have any interests in this case, Plaintiff is not located in Tennessee, and litigating in Tennessee would burden Media Matters. This Court should dismiss Plaintiff's claim against Media Matters for lack of jurisdiction.

## II. Plaintiff fails to state a claim for defamation upon which relief can be granted.

Plaintiff has "fail[ed] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To recover for defamation, a plaintiff must establish, among other things, that a false and defamatory statement of and concerning plaintiff was published with the requisite degree of fault. *See Sullivan v. Baptist Mem'l Hosp.*, 995 S.W.2d 569, 571 (Tenn. 1999). "The particular state of mind that is required to sustain a defamation claim varies depending on the identity of the parties involved." *Mucerino v. Martin*, No. 3:21-CV-00284, 2021 WL 5585637, at *6 (M.D. Tenn. Nov. 30, 2021) (citing *West v. Media Gen. Convergence, Inc.*, 53 S.W.3d 640, 645 (Tenn. 2001)).[3]

---

[3] Plaintiff alleges that "Defendants' statements are defamatory *per se*." Am. Compl. ¶ 84. But "Tennessee law does not provide a cause of action for defamation per se, and plaintiffs 'must plead and prove injury from the alleged defamatory words,'" *Ingram v. Tenn. Dep't of Health*, No. 3:17-CV-01565, 2021 WL 3490025, at *16 (M.D. Tenn. Aug. 9, 2021), *rep. and recommendation adopted*, 2021 WL 6066450 (M.D. Tenn. Dec. 22, 2021) (quoting *Memphis*

"[T]he preliminary determination of whether the writing is capable of being so understood" as defamation "is a question of law to be determined by the court." *Seaton v. TripAdvisor LLC*, 728 F.3d 592, 597 (6th Cir. 2013) (quoting *McWhorter v. Barre*, 132 S.W.3d 354, 364 (Tenn. Ct. App. 2003)). T he complaint must contain allegations supporting all material elements of the claim. *See Bishop v. Lucent Techs., Inc.*, 520 F.3d 516, 519 (6th Cir.2008). "If the court determines that the statement or communication is not defamatory, then dismissal of the action is appropriate." *Seaton v. TripAdvisor*, LLC, No. 3:11-CV-549, 2012 WL 3637394, at *4 (E.D. Tenn. Aug. 22, 2012), *aff'd*, 728 F.3d 592 (6th Cir. 2013).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The "complaint must contain (1) 'enough facts to state a claim to relief that is plausible,' (2) more than 'a formulaic recitation of a cause of action's elements,' and (3) allegations that suggest a 'right to relief above a speculative level.'" *Phillips v. Bank of Am.*, N.A., No. 2:14-CV-170, 2014 WL 12888444, at *1 (E.D. Tenn. Nov. 3, 2014) (quoting *Tackett v. M & G Polymers*, USA, LLC, 561 F.3d 478, 488 (6th Cir. 2009)).

In considering a Rule 12(b)(6) motion to dismiss, the Court need not "accept as true legal conclusions or unwarranted factual inferences." *DIRECTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). Additionally, "when a court is presented with a Rule 12(b)(6) motion, it may consider the complaint and any exhibits attached thereto, public records, items appearing in the record of the case, and exhibits attached to defendant's motion to dismiss so long as they are referred to in

---

*Pub. Co. v. Nichols*, 569 S.W.2d 412, 419 (Tenn. 1978)); *see also Gallagher v. E.W. Scripps Co*., No. 08-2153-STA, 2009 WL 1505649, at *6 (W.D. Tenn. May 28, 2009) (same).

the Complaint and are central to the claims contained therein." *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008).

Plaintiff alleges that a Media Matters article defames her, but not why. The sum total of her factual allegations are:

> Media Matters defamed Plaintiff in its article entitled 'Right-wing media feud erupts over Trump lawyer Sidney Powell's bonkers election conspiracy theories.'

(Am. Compl. ¶ 71.) "These allegations are nothing 'more than an unadorned the-defendant-unlawfully-harmed-me-accusation' with mere 'labels and conclusions' under Rule 12(b)(6)." *Moss v. Lee*, No. 3:21-CV-00561, 2022 WL 68388, at *5 (M.D. Tenn. Jan. 6, 2022) (quoting *Ashcroft*, 556 U.S. at 678). And in the context of defamation claims, courts in this Circuit routinely dismiss similarly threadbare allegations. *See Brindley v. Philips Elecs. N. Am. Corp.*, 2011 WL 2938436, *5 (M.D. Tenn. July 19, 2011) (defamation claim dismissed because it was entirely unclear from the amended complaint "what the specific alleged false and defamatory statement was"); *Gann v. Kolfage*, No. 3:14-CV-1609, 2016 WL 6127722, at *4 (M.D. Tenn. Sept. 30, 2016), *rep. and recommendation adopted*, 2016 WL 6125420 (M.D. Tenn. Oct. 20, 2016) (same).

But even if the Court had personal jurisdiction over Media Matters (which it does not) and even if Plaintiff had managed to identify a supposedly defamatory statement (she has not), Plaintiff's claim still fails as a matter of law because she fails to plead the individual elements of defamation.

### A. The Article is not of and concerning Plaintiff.

A "claim for defamation based on an alleged statement that does not expressly designate its subject will survive a motion to dismiss only if it is alleged that the statement was made 'of and concerning' the plaintiff or referred to the plaintiff by reasonable implication." *Steele v. Ritz*, No. W200802125COAR3CV, 2009 WL 4825183, at *3 (Tenn. Ct. App. Dec. 16, 2009). "[T]he

11

Case 1:21-cv-00317-DCLC-CHS   Document 62   Filed 03/07/22   Page 11 of 19   PageID #: 2582

subjective impression that the utterance gives" the Plaintiff "is immaterial; the standard is an objective one i.e. the impression that a 'reasonable person' would draw from the language at issue is the only relevant inquiry for the Court to consider at this [motion to dismiss] stage." *Seaton*, No. 3:11-CV-549, 2012 WL 3637394, at *5 (citing *Revis v. McClean*, 31 S.W.3d 250, 253 (Tenn. Ct. App. 2000)). Courts routinely dismiss defamation claims for failure to satisfy this requirement. *See, e.g.*, *Pullman Indus., Inc. v. Mfrs. Enameling Corp.*, 15 F. App'x 297, 301 (6th Cir. 2001) (upholding trial court's dismissal because allegedly defamatory statements did not concern plaintiff).

Media Matters is at a loss as to why Plaintiff has sued it in this matter. Media Matters' Article does not mention Plaintiff either directly or indirectly. It simply is not about Plaintiff at all, and Plaintiff offers no well-pled factual allegations otherwise. She offers only her ipse dixit allegation that the Article defames her.

Plaintiff's overarching theory seems to be that "[w]hen the Defendants publish defamatory statements against Attorney Sidney Powell, the Kraken, or any of Sidney Powell's election fraud accusations and/or conclusions, the Defendants are defaming Plaintiff." (Am. Compl. ¶ 32.) In sworn statements filed with the Court (which are not well-pled allegations in her Amended Complaint), Plaintiff has elaborated and alleged that because she referred to herself as a "Kraken" on her podcasts, and because Sidney Powell used the existing expression "Release the Kraken," the mention of the Kraken in Defendants' articles is Plaintiff and is defamatory. (ECF No. 47-1 ¶¶ 4-13.) But there are no allegations in complaint that Media Matters listened to Plaintiff's podcasts was otherwise aware of her self-described association with the phrase "Release the Kraken." As Media Matters' Article points out, the phrase comes from the 1981 movie Clash of the Titans, Ex. 1, and *The Huffington Post*'s and other reporting on Plaintiff's identity was

published *after* Media Matters's Article. (Am Compl. ¶ 51.) Plaintiff simply offers no well-pled factual allegation that would support the claim that unidentified statements in a Media Matters Article that does not mention her nonetheless defame her.[4]

Media Matters's Article is distinguishable from others where the Court found the "of and concerning" requirement satisfied even without mention of Plaintiff's name. *See, e.g., Battle v. A & E Television Networks, LLC*, 837 F. Supp. 2d 767, 775 (M.D. Tenn. 2011) (television program showed plaintiff and her driver's license). Because Media Matters's "article does not reasonably imply anything factual or verifiable about [Plaintiff]," Plaintiff fails to sufficiently plead the "of and concerning" requirement. *Clark v. Viacom Int'l Inc.*, 617 F. App'x 495, 509 (6th Cir. 2015).

B.   **The information that Media Matters included in its Article is true.**

Truth is an absolute defense to a defamation claim. *Phila. Newspapers, Inc. v. Hepps*, 475 U.S. 767, 770 (1986). Moreover, "a statement on matters of public concern must be provable as false before there can be liability under state defamation law." *Milkovich v. Lorain Journal Co.*, 497 U.S. 1, 19–20 (1990). Everything included in Media Matters' Article is supported and truthful.

The subject of the Article is right-wing media's varied handling of President Trump and Sidney Powell's campaign that the 2020 presidential election results were fraudulent, as is clear from its title. (*See* Ex. 1.) The topics in the Article are sourced with hyperlinks throughout, and these links are still available in the live version of the Article. *See* https://www.mediamatters.org/voter-fraud-and-suppression/right-wing-media-feud-erupts-over-trump-lawyer-sidney-powells-bonkers. For example, in referring to Powell's argument that vote

---

[4]   Moreover, it would be troubling to say the least if any reporting on Sidney Powell—a controversial public figure in the center of challenging the results of a presidential election—was considered "of and concerning" Plaintiff. Such a finding would effectively chill public speech and reporting concerning Ms. Powell.

13
Case 1:21-cv-00317-DCLC-CHS   Document 62   Filed 03/07/22   Page 13 of 19   PageID #: 2584

totals were changed in computer systems, Media Matters cites the hand recount in Georgia that found very few mistakes and links to an Atlanta Journal Constitution article. *Id*. As another example, when the Article described the debunking of the claim that election computers were seized in Germany, it cited an Associated Press's article fact checking that the company implicated does not have offices in Germany. *Id*. The Article summarizes other media's coverage of Powell's allegations with direct quotes, links, and videos of the other coverage embedded. *See generally id*. The Article includes multiple excerpts of Powell's own words. *Id.*

Any commentary in the Article regarding the unassailably true facts set above, including characterization of Powell's theories as "bonkers," are opinion and nonactionable as defamation. *Saidak v. Schmidt*, 501 F. Supp. 3d 577, 597 (E.D. Tenn. 2020) (quoting *Ogle v. Hocker*, 279 F. App'x 391, 397 (6th Cir. 2008)) ("Statements of pure opinion, hyperbole, or rhetorical exaggeration will receive First Amendment protection."); *see also Horen v. Bd. of Educ. of City of Toledo Pub. Sch. Dist.*, 948 F. Supp. 2d 793, 817 (N.D. Ohio 2013), *aff'd* (Feb. 7, 2014) (calling something crazy is opinion and not actionable as a matter of law).

Plaintiff has not pointed to anything that is false in Media Matters' Article. She has therefore failed to plead this essential requirement of a defamation claim.

### C. Plaintiff fails to sufficiently plead actual malice.

A public official or figure must plead and prove that alleged defamation was published "with 'actual malice'—that is, with knowledge that it was false or with reckless disregard of whether it was false or not." *N.Y. Times Co. v. Sullivan*, 376 U.S. 254, 279–80 (1964). "The standard is subjective one—there must be sufficient evidence to permit the conclusion that the defendant actually had a 'high degree of awareness of probable falsity.'" *Harte-Hanks Commc'ns v. Connaughton*, 491 U.S. 657, 688 (1989) (alterations omitted).

Plaintiff fails to sufficiently plead actual malice—a required element of her defamation claim. Plaintiff is a public figure, or at minimum, a limited purpose public figure. "A limited-purpose public figure is a public figure with respect to 'a limited range of issues,' and one achieves that status by 'voluntarily inject[ing] himself . . . into a particular public controversy.'" *Thomas M. Cooley Law Sch. v. Kurzon Strauss, LLP*, 759 F.3d 522, 527 (6th Cir. 2014) (quoting *Gertz v. Robert Welch, Inc.*, 418 U.S. 323, 351 (1974)). By choosing to serve as an expert and confirming her identity in public reporting, Plaintiff "thrust [her]self into the vortex" in the public controversy of U.S. presidential election results. *Ogle,* 279 Fed. Appx. at 399. Moreover, she can scarcely be heard to argue that any reference to Sidney Powell, a highly public figure, is functionally a reference to her, and then assert that she is *not* a public figure. Plaintiff thus qualifies as a public figure and must sufficiently allege actual malice to sustain her claim against Media Matters.

She has not done so here. Plaintiff offers no allegation of actual malice specific to Media Matters. Rather, she offers only a sweeping, omnibus assertion that "Defendants published the above-referenced statements with actual malice, knowing or recklessly disregarding that they are false." (Am. Compl. at ¶ 81.) But this Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986). Such "[t]hreadbare recitals of the elements of a cause of action" clearly do not meet the pleading requirements. *Iqbal*, 556 U.S. at 678. As the Sixth Circuit articulated, plaintiffs sometimes "fail to recognize that pleadings regarding the conditions of a person's mind, including malice and intent, remain bound by the plausibility requirement of Rule 8." *Mourad v. Marathon Petroleum Co. LP*, 654 F. App'x 792, 798 (6th Cir. 2016) (citing *Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, Inc.*, 674 F.3d 369, 378 (4th Cir. 2012) (allegations that the statements "were known . . . to be false at the time they were made, were malicious or were made with reckless disregard as to their veracity" were

too conclusory to allege malice); *Biro v. Conde Nast*, 807 F.3d 541, 547 (2d Cir. 2015) ("Rule 8's plausibility standard applies to pleading" actual malice in defamation cases); *Pippen v. NBCUniversal Media, LLC*, 734 F.3d 610, 614 (7th Cir. 2013) (same)). Courts consistently find defamation complaints relying upon conclusory statements that a defendant acted with actual malice to be legally deficient and dismiss claims on that basis. *See, e.g., Ryniewicz v. Clarivate Analytics*, 803 F. App'x 858, 868 (6th Cir. 2020) (affirming motion to dismiss defamation complaint with conclusory allegation of actual malice because "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth.") (quoting *Iqbal*, 556 U.S. at 679); *Bolton v. Delta Air Lines*, 182 F. Supp. 3d 768, 774 (S.D. Ohio 2016) (dismissing defamation claim with allegation "Defendants made these false statements with the knowledge that the statements were false and/or with reckless disregard for the truth or falsity of such statements" because it was a "pure legal conclusion" unsupported by facts).[5]

Plaintiff's other allegations similar cannot support a plausible showing of actual malice here. Plaintiff's contention that reporting on Sidney Powell and the election litigation more generally defames her, (Am. Compl. ¶ 32), fails to "nudge" the allegations of actual malice "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. Media Matters published its Article on November 20, 2020, before Plaintiff submitted an affidavit in the Arizona case

---

[5] *See also Schatz v. Republican State Leadership Comm.*, 669 F.3d 50, 56-58 (1st Cir. 2012) (affirming motion to dismiss defamation claim when "complaint used actual-malice buzzwords" but failed to "lay out enough facts from which malice might reasonably be inferred"); *Michel v. NYP Holdings, Inc.*, 816 F.3d 686, 702 (11th Cir. 2016) (noting that "circuit that has considered the matter has applied the Iqbal/Twombly standard and held that a defamation suit may be dismissed for failure to state a claim where the plaintiff has not pled facts sufficient to give rise to a reasonable inference of actual malice" and affirming motion to dismiss on actual malice grounds).

challenging the election, (*see* Am. Compl. ¶ 16), and before Plaintiff was identified by *The Huffington Post* and others, (*see id.* ¶ 51). And even accepting Plaintiff's allegation that she is *actually* the "Kraken" Sidney Powell portentously threatened to release, the text of Media Matters' Article itself makes clear that that the right wing media figures that Media Matters quoted in its Article were talking about the Kraken as Powell's supposed "evidence" of electoral fraud not as a person. (*See, e.g.*, Ex. 1 (discussing auspices of Powell's phrase "release the Kraken" and noting criticism by Matt Walsh "calling her out for saying she didn't have to show her evidence to the public while she continued to speak about it in public")).

In short, Plaintiff has offered no factual allegations that would render plausible the claim that Media Matters knew she was the as-yet-then-unreleased Kraken, and somehow acted with actual malice, even assuming it had made any false statements rather than accurately quoting right wing media figures' criticisms of Ms. Powell's statements and approach to her allegations of electoral fraud.

## CONCLUSION

For the foregoing reasons, this Court should grant Defendant Media Matters for America's motion to dismiss.

17
Case 1:21-cv-00317-DCLC-CHS   Document 62   Filed 03/07/22   Page 17 of 19   PageID #: 2588

<u>Filed</u>: March 7, 2022               Respectfully submitted,

                                 **NEAL & HARWELL, PLC**

                                 */s/ Mozianio S. Reliford, III*
                                 Mozianio S. Reliford, III (BPR # 36170)
                                 William J. Harbison II (BPR # 33330)
                                 1201 Demonbreun Street, Suite 1000
                                 Nashville, TN 37213
                                 (615) 244–1713
                                 treliford@nealharwell.com
                                 jharbison@nealharwell.com

                                 **ELIAS LAW GROUP LLP**

                                 William B. Stafford (admitted *pro hac vice*)
                                 1700 Seventh Ave., Suite 2100
                                 Seattle, WA 98101
                                 (206) 656-0176
                                 BStafford@elias.law

                                 Melinda K. Johnson (admitted *pro hac vice*)
                                 10 G St. NE, Suite 600
                                 Washington, DC 20002
                                 (202) 968-4490
                                 MJohnson@elias.law

                                 *Counsel for Defendant Media Matters for America*

## CERTIFICATE OF SERVICE

I hereby certify that on March 7, 2022, a true and correct copy of the foregoing was filed through the Court's CM/ECF system, which will cause service of the same upon counsel of record in this matter and via mail to the following non-registered users:

Ali Abdul Razaq a/k/a Ali Alexander
5125 Pinellas Avenue
Keller, TX 76244

*/s/ Mozianio S. Reliford, III*
Mozianio S. Reliford, III