IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
CHATTANOOGA DIVISION

| | |
|---|---|
| **TERPSEHORE MARAS,**<br><br>Plaintiff,<br><br>v.<br><br>**REPRESENTATIVE STEVE COHEN, US DOMINION, INC., DOMINION VOTING SYSTEMS, INC., DOMINION VOTING SYSTEMS CORPORATION, MEDIA MATTERS FOR AMERICA and ALI ABDUL RAZAQ AKBAR A/KA/ ALI ALEXANDER,**<br><br>Defendants. | **Case. No. 1:21-cv-00317-DCLC-CHS**<br><br>**District Judge Clifton L. Corker**<br><br>**Magistrate Judge Christopher H. Steger** |

**PLAINTIFF TERPSEHORE MARAS' SUPPLEMENTAL
BRIEF TO THE DOMINION DEFENDANTS' REPLY BRIEF**

COMES NOW Plaintiff Terpsehore Maras and, by and through undersigned counsel and pursuant to LR7.01(d), hereby files Plaintiff Terpsehore Maras' Supplemental Brief to the Dominion Defendants' Reply Brief, and Plaintiff respectfully shows unto this Honorable Court the following:

### I. THIS COURT RETAINS PERSONAL JURISDICTION AFTER DOMINION VOTING MACHINES WERE REMOVED FOR ELECTION FRAUD.

After Plaintiff filed her brief in opposition to the Dominion Defendants' Motion to Dismiss, new information was published regarding the status of the Dominion electronic voting machines in Tennessee. At 8:30 a.m. on March 3, 2022, The Gateway Pundit published an article entitled "Dominion Kicked out of Tennessee County; Critical Election [fraud] Problems Remain in Williamson County that Election Officials Refuse to Address" wherein it was reported that "On the heels of the approval from the Tennessee Secretary of State, the Williamson County (Tennessee)

Election Commission kicked Dominion Voting Systems out of the county on February 16, 2022 ….." Jim Hoft, Dominion Kicked out of Tennessee County; Critical Election Problems Remain in Williamson County that Election Officials Refuse to Address, https://www.thegatewaypundit.com/2022/03/dominion-kicked-tennessee-county-critical-election-problems-remain-williamson-county-election-officials-refuse-address/ (last visited March 7, 2022) (attached as Exhibit 1). The article went on to state that "a citizen election integrity group – Tennessee Voters for Election Integrity – **affirms after a year of research** and numerous presentations to various commissions, government officials, and legislators, **a number of underlying election process issues, chain-of-custody issues, inspection issues, and election documentation issues still remain** and election officials and legislators are cavalierly ignoring them, **threatening the integrity and trustworthiness of future … elections**." *Id* (emphasis added). "Williamson County … election integrity citizens group have come forward with **confirmations of serious issues** from the October 26, 2021, and November 3, 2020 elections…." *Id* (emphasis added). "'**Removing Dominion was a good first step**, however, there are a **number of additional issues we have found in both of these recent elections** that we've been trying for over a year to get government and commission officials to address, but to no avail,' said Frank Limpus, founder of Tennessee Voters for Election Integrity." *Id* (emphasis added). The article identifies a litany of election integrity issues with the Dominion voting machines that were documented with photos and screenshots. *See id.* The **evidence of election fraud** and "specific issues from election artifacts obtained in open records requests" **were "too large and too numerous to place in this release**." *Id* (emphasis added). **As a result of serious election integrity concerns** with the Dominion voting machines, "the **Williamson County (Tennessee) Election Commission kicked Dominion Voting Systems out of the county** on February 16, 2022…." *Id* (emphasis added). While the fraudulent Dominion voting machines have been removed from Williamson County, this Court retains personal jurisdiction because looks to contacts at the time the cause of action arose.

## II. ARGUMENT AND CITATION OF AUTHORITY

The federal inquiry regarding personal jurisdiction is "the nonresident defendant has sufficient contacts with the forum state that the district court's exercise of jurisdiction would comport with 'traditional notions of fair play and substantial justice.'" *CompuServe, Inc. v. Patterson*, 89 F.3d 1257, 1263 (6th Cir. 1996) (citing *International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463, 61 S.Ct. 339, 342–43, 85 L.Ed. 278 (1940)); *Reynolds*, 23 F.3d at 1116; *Theunissen*, 935 F.2d at 1459. The Sixth Circuit Court of Appeals has repeatedly employed three criteria to make this determination:

> First, the defendant must **purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state**. Second, the cause of action must arise from the defendant's activities there. Finally, the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum to make the exercise of jurisdiction over the defendant reasonable.

*Id* (citing *Reynolds*, 23 F.3d at 1116) (quoting In–*Flight Devices*, 466 F.2d at 226); *see also Southern Mach. Co. v. Mohasco Indus.*, 401 F.2d 374, 381 (6th Cir.1968) (adopting the above test for "determining the present outerlimits of in personam jurisdiction based on a single act"). A single act can form the basis of personal jurisdiction:

> When considering a **single act as the basis of in personam jurisdiction**, the two most pertinent Supreme Court cases after *International Shoe are McGee v. International Life Insurance Company*, 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223 (1957), and Hanson v. Denckla, 357 U.S. 235, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958). In *McGee*, **the only contacts** of a Texas insurance company with California **were the mailing** of a reinsurance certificate and premium notices **into the State and the receiving of** the signed certificate and premium payments by mail from the State on only one policy insuring a California resident. **Upholding the jurisdiction** of a California court over the Texas insurance company in a suit by a California beneficiary of the policy, the Supreme Court said: 'It is sufficient for purposes of due process that the suit was

3

>based on a contract which had substantial connection with that State.' 355 U.S. at 223, 78 S.Ct. at 201.

*S. Mach. Co. v. Mohasco Indus., Inc.*, 401 F.2d 374, 381 (6th Cir. 1968) (emphasis added).

In the case at bar, the Dominion Defendants conducted business in Tennessee at the time that Plaintiff's cause of action arose. The fact that the Williamson County Election Commission kicked out Dominion Voting Systems for rampant election fraud and election integrity issues should not be considered when determining jurisdiction issues. Instead, this Court should examine the contacts that Dominion had with Tennessee and the counties that it supplied voting machines at the time the cause of action arose. According to the Supreme Court of the United States and the Sixth Circuit Court of Appeals, a single contact can be sufficient to establish personal jurisdiction. *See id*. Plaintiff contends that Dominion's numerous and continuous acts by supplying Tennessee counties with electronic voting machines in multiple elections is sufficient to convey personal jurisdiction.

Respectfully submitted this 7th day of March, 2022.

**THE NEWMAN LAW FIRMD**

/s/ Russell A. Newman _____
Russell A. Newman, BPR No. 033462
6688 Nolensville Road
Suite 108-22
Brentwood, TN 37027
(615) 554-1510 (Telephone)
(615) 283-3529 (Facsimile)
E-mail:russell@thenewmanlawfirm.com
*Attorney for Plaintiff Terpsehore Maras*

# CERTIFICATE OF SERVICE

I, Russell A. Newman, do hereby certify that I am counsel for Plaintiff Terpsehore Maras in the above-captioned matter and that a copy of the **PLAINTIFF TERPSEHORE MARAS' SUPPLEMENTAL BRIEF TO THE DOMINION DEFENDANTS' REPLY BRIEF** was filed and served via the CM/ECF system for the United States District Court, Eastern District of Tennessee, Chattanooga Division via electronic mail to the following CM/ECF filers:

W. Scott Sims, Esq.
Michael R. O'Neill, Esq.
SIMS│Funk, PLC
3322 West End Ave., Suite 200
Nashville, TN 37203
(615) 292-9355  (Telephone)
(615) 649-8565  (Facsimile)
ssims@simsfunk.com
moneill@simsfunk.com
*Attorneys for Dominion Defendants*

Robb Harvey, Esq.
511 Union Street, Suite 2700
P.O. Box 198966
Nashville, TN 37219-8966
Robb.harvey@wallerlaw.com

Todd B. Tatelman, Esq.
Sarah Clouse, Esq.
5140 O'Neill House Office Building
Washington D.C. 20515
Todd.tatelman@mail.house.gov
Sarah.clouse@mail.house.gov
*Attorneys for Congressman Steve Cohen*

Mozianio S. Reliford, Esq.
William J. Harbison, II, Esq.
1201 Demonbreun Street, Suite 1000
Nashville, TN 37213
treliford@nealharwell.com
jharbison@nealharwell.com
*Attorneys for Defendant Media Matters for America*

5

Case 1:21-cv-00317-DCLC-CHS   Document 63   Filed 03/07/22   Page 5 of 6   PageID #: 2607

And via U.S. Mail on the following non-registered CM/ECF filers:

Ali Abdul Razaq Akbar a/k/a Ali Alexander
5125 Pinellas Avenue
Keller, TX 76244

Respectfully submitted this 7th day of March, 2022.

**THE NEWMAN LAW FIRM**

By: /s/ Russell A. Newman
Russell A. Newman, BPR # 033462