IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE AT CHATTANOOGA

| | | |
|---|---|---|
| TERPSEHORE MARAS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. Civil Action No. 1:21-cv-317 |
| | ) | |
| CHATTANOOGA NEWS CHRONICLE, | ) | |
| THEHUFFINGTONPOST, INC., | ) | |
| REPRESENTATIVE STEVE COHEN, | ) | |
| US DOMINION, INC., DOMINION | ) | Judge Clifton L. Corker |
| VOTING SYSTEMS, INC., DOMINION | ) | Magistrate Judge Christopher H. Steger |
| VOTING SYSTEMS CORPORATION, | ) | |
| MEDIA MATTERS FOR AMERICA, | ) | |
| OHIO INTELLIGENCE TIPS, ROSS | ) | |
| ELDER, and ALI ABDUL RAZAQ | ) | |
| AKBAR A/K/A ALI ALEXANDER, | ) | |
| | ) | |
| Defendants. | ) | |

**DOMINION'S SUPPLEMENTAL REPLY BRIEF IN SUPPORT OF
MOTION TO DISMISS**

Dominion provides this reply to Plaintiff's supplemental brief. (Dkt. No. 63). In her brief, Plaintiff provides nothing but admittedly irrelevant material and erroneous legal analysis.

Plaintiff first offers an "article" which alleges that Dominion was "kicked out" of Williamson County for engaging in election fraud. Plaintiff starts off by contending that the article is "new information" that merits the Court's attention. (*Id.* at p. 1). But later in the same brief, Plaintiff urges the Court to not consider the article "when determining jurisdictional issues," but instead to focus on Dominion's limited contacts with Tennessee. (*Id.* at p. 4).

As an initial matter, other than to try to jaundice the Court's analysis, it is unclear why Plaintiff would file a supplemental brief to reference a document that Plaintiff seemingly admits is irrelevant. But putting that aside, Plaintiff is correct—the Court should not consider the article

on the jurisdictional issues. But more than that, the Court should not consider the article on any of the issues Dominion raised in its motion to dismiss.

First, the conclusory allegations in the article are not evidence of anything. The article can only be described as a political hit-piece that is published on a politically-oriented website and that merely regurgitates allegations made by a political action organization called Tennessee Voters for Election Integrity.[1] The article is not evidence that Dominion engaged in election fraud in Tennessee (which it did not) or that Dominion has contacts with Tennessee other than the limited contacts identified in Dominion's sworn declarations (which remain undisputed).

Second, the conclusory allegations in the article are not relevant to any issue in this case. Plaintiff has sued Dominion for making allegedly defamatory statements. Plaintiff has not sued—and cannot sue—Dominion for engaging in alleged election fraud in Tennessee or elsewhere.

Aside from referencing the article, Plaintiff argues that the Court has personal jurisdiction over Dominion because Dominion has sold voting machines in Tennessee and, according to Plaintiff, even a "single act" in Tennessee can form the basis of jurisdiction. (Dkt. No. 63 at pp. 3-4). However, Plaintiff is confusing the concepts of general personal jurisdiction and specific personal jurisdiction.

Plaintiff alleges in her Complaint and in her response to Dominion's motion to dismiss that the Court has general personal jurisdiction over Dominion, *not* specific personal jurisdiction.[2] However, the cases that Plaintiff cites address the application of specific personal jurisdiction, *not*

---

[1] These conclusory allegations largely mirror the false allegations that Sidney Powell asserted and that were considered and rejected by multiple United States District Courts across the country.
[2] Dkt. No. 1-2 at ¶ 12 ("The Defendants are subject to the **general personal jurisdiction** of this Court . . . ." (emphasis added)); Dkt. No. 47 at p. 13 ("Since Dominion is subject to the **general jurisdiction** of the Hamilton County Circuit Court and Dominion was served with a Summons and a Verified Complaint, the district court already has personal jurisdiction over Dominion . . . ." (emphasis added)).

general jurisdiction. *CompuServe, Inc. v. Patterson*, 89 F.3d 1257, 1263 (6th Cir. 1996) ("In the instant case, because CompuServe bases its action on Patterson's act of sending his computer software to Ohio for sale on its service, CompuServe seeks to establish such ***specific personal jurisdiction*** over Patterson.") (emphasis added); *Southern Mach. Co. v. Mahasco Indus., Inc.*, 401 F.2d 374 (6th Cir. 1968) (addressing whether the district court in Tennessee had specific jurisdiction over the defendant when the plaintiff's claims related to a machine that was manufactured and sold in Tennessee).

Contrary to Plaintiff's view, the concepts of general personal jurisdiction and specific personal jurisdiction are not interchangeable; they are separate and distinct legal concepts that have separate and distinct requirements. In certain situations, a "single act" in the forum state can be sufficient to establish specific personal jurisdiction. *Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408, 414, n.8 (1984); *Intera Corp. v. Henderson*, 428 F.3d 605, 615 (6th Cir. 2005). However, a single act in the forum state is not sufficient to establish general personal jurisdiction. *Malone v. Stanley Black & Decker, Inc.*, 965 F.3d 499, 501 (6th Cir. 2020) ("General jurisdiction exists when the defendant's affiliations with the forum state are 'so "continuous and systematic" as to render' the defendant 'essentially at home' there.").

As Dominion has demonstrated, US Dominion, Inc. and Dominion Voting Systems Corporation have ***no contacts*** with Tennessee at all. This is undisputed. And Dominion Voting Systems, Inc.'s contacts with Tennessee are so limited that they represent only about ***0.07%*** of the company's contracts with third parties to provide voting machines and related services. That too is undisputed. Such limited contacts cannot be characterized as being so substantial, continuous, and systematic that Dominion Voting Systems, Inc. is "at home" in Tennessee. Thus, the Court does not have general personal jurisdiction over Dominion.

Finally, assuming that Plaintiff is now trying to argue that the Court has specific personal jurisdiction over Dominion, that argument too fails. Specific jurisdiction may be asserted only when the plaintiff's cause of action arises from or is related to the nonresident defendant's activities in or contacts with the forum state. *Helicopteros Nacionales*, 466 U.S. at 414, n.8; *Intera Corp.*, 428 F.3d at 615. Here, Plaintiff's sole cause of action for defamation does not arise from or relate to Dominion's activities in or contacts with Tennessee. Instead, Plaintiff's claim arises from allegedly defamatory statements all of which were all made outside of Tennessee and which allegedly caused Plaintiff—who is a resident of Ohio—to suffer damages outside of Tennessee. Thus, there is no basis for a finding that the Court has specific personal jurisdiction over Dominion.

Dominion respectfully requests that the Court grant its motion to dismiss in its entirety.

Respectfully submitted,

*/s/ W. Scott Sims*
W. Scott Sims (#17563)
Michael R. O' Neill (#34982)
SIMS|FUNK, PLC
3322 West End Ave., #200
Nashville, TN 37203
(615) 292-9335
(615) 649-8565
ssims@simsfunk.com
moneill@simsfunk.com

*Counsel for Dominion Defendants*

# CERTIFICATE OF SERVICE

I hereby certify that on March 11, 2022, a copy of the foregoing was filed via the Court's CM/ECF system which will send notice of this filing via electronic mail notice to the following:

Russell A. Newman
The Newman Law Firm
6688 Nolensville Road
Suite 108-22
Brentwood, TN 37027
russell@thenewmanlawfirm.com

Todd Tatelman
Sarah Clouse
United States House of Representatives,
General Counsel
219 Cannon House Office Building
Washington, DC 20515
202-225-9700
todd.tatelman@mail.house.gov
sarah.clouse@mail.house.gov

Douglas N. Letter
Office of General Counsel
U.S. House of Representatives
5140 O'Neill House Office Building
Washington, D.C. 20515
(202) 225-9700
Douglas.Letter@mail.house.gov

William J Harbison, II
Mozianio Samuel Reliford, III
Neal & Harwell, PLC
1201 Demonbruen Street
Suite 1000
Nashville, TN 37203
615-238-3503
jharbison@nealharwell.com
treliford@nealharwell.com

William B Stafford
Elias Law Group LLP
1201 Third Avenue
Ste 4900
Seattle, WA 98101-3099
206-359-6217
Fax: 206-359-7217
bstafford@elias.law

Melinda K Johnson
Elias Law Group LLP
10 G Street NE, Suite 600
Washington, DC 20002
202-968-4674
mjohnson@elias.law

And via U.S. Mail to the following:

ALI ABDUL RAZAQ AKBAR
A/K/A ALI ALEXANDER
5125 Pinellas Avenue
Keller, TX 76244

                                                   */s/ W. Scott Sims*
                                                   W. Scott Sims