**Subject:** RE: Halderman Subpoena: Curling v. Raffensperger
**Date:** Wednesday, March 16, 2022 at 10:47:01 Central Daylight Time
**From:** Cross, David D.
**To:** Russell Newman

Mr. Newman -

I received a hardcopy by regular mail of a motion to compel it appears you have filed against Dr. Halderman in your case. It's unclear why you did not send a courtesy copy by email given we have corresponded by email regarding the subpoena. You also must know that these days folks often are not in the office given many business facilities remain closed with employees working remotely.

In any event, you have not properly served your motion. I did not agree to accept service of the motion on behalf of Dr. Halderman, nor did you ask that I do so. I also do not have authority for him to do that. If you intend to pursue this motion, you need to effect proper service. Please confirm that you will let the court know that the motion has not been served.

I once again encourage you to withdraw this motion and not to pursue the subpoena. Your motion misstates the law and is completely lacking in merit. I also understand that the court has not yet authorized discovery to begin in your case, which makes the subpoena and the motion doubly improper. Please understand that we will seek all fees and costs associated with this subpoena if you persist given its obvious impropriety and the frivolousness of your pursuit in light of the order from Judge Totenberg prohibiting Dr. Halderman from disclosing the report you seek.

Best,
DC

**From:** Cross, David D. <DCross@mofo.com>
**Date:** Monday, Feb 14, 2022, 10:56 PM
**To:** Russell Newman <russell@thenewmanlawfirm.com>
**Subject:** RE: Halderman Subpoena: Curling v. Raffensperger

Mr. Newman -

The Court repeatedly has ordered the parties and Dr. Halderman not to disclose the report to third parties. It also has repeatedly denied motions by third parties filed in our case for a copy of the report, just as you're seeking. Judge Totenberg's orders are publicly available on the docket in our case.

What authority do you have that one federal judge can order disclosure of something another federal judge has ordered not to be disclosed? You fundamentally misunderstand the jurisdiction of federal courts which is national, not regional as you wrongly posit — which is of course why courts can and often do enter injunctions and other orders that apply across the US, not just in a particular district or circuit.

Again, if you make us brief this in your court, we'll seek fees and costs and any other appropriate relief. A motion to compel would be utterly frivolous.

Best,
DC

**From:** Russell Newman <russell@thenewmanlawfirm.com>
**Date:** Monday, Feb 14, 2022, 7:28 PM
**To:** Cross, David D. <DCross@mofo.com>
**Subject:** Re: Halderman Subpoena: Curling v. Raffensperger

**External Email**

---

Good evening, Mr. Cross.

Thank you for your e-mail. We will direct future correspondence to you as counsel for Dr. Alex Halderman as it relates to Plaintiff's subpoena.

Plaintiff intends to move forward by filing a motion to compel, but before doing so I wanted to have a brief conversation with you in a good faith effort to amicably resolve our dispute without involving our judge. Plaintiff contends that the Northern District of Georgia, Atlanta Division does not have subject matter jurisdiction over the Eastern District of Tennessee, Chattanooga Division. Even at the appellate level, we are in Sixth Circuit Court of Appeals and the Curling case is in the Eleventh Circuit Court of Appeals. As such, neither the district court nor court of appeals have subject matter jurisdiction over our court. Could you please share with us the authority that you are relying on to withhold production of otherwise discoverable items?

Kindly provide us with a response as soon as possible, but in any event please do so by the close of business on Wednesday (02/16/22). In advance, thank you for your consideration of this matter.

Best regards,

**Russell A. Newman, Esq.**

**The Newman Law Firm**

6688 Nolensville Road

Suite 108-22

Brentwood, TN 37027

T: (615) 554-1510

F: (615) 283-3529

Email: russell@thenewmanlawfirm.com

https://www.thenewmanlawfirm.com/

CONFIDENTIALITY NOTICE: This e-mail communication, including any attached files was sent by or on behalf of the firm and may contain entity to which it is addressed. If you are not the intended recipient or the person responsible for delivering this Communication to the intended error, please immediately notify the sender via return email or telephone.

On Mon, Feb 14, 2022 at 1:09 PM Cross, David D. <DCross@mofo.com> wrote:

> Mr. Newman –
>
> Please see the attached correspondence.

Best,

DC

**DAVID D. CROSS**

**CHAIR OF ANTITRUST LITIGATION PRACTICE**

Partner | Morrison & Foerster LLP

2100 L Street, NW, Suite 900 | Washington, DC 20037

P: +1 (202) 887-8795

mofo.com | LinkedIn | Twitter

========================================================================

This message may be confidential and privileged. Use or disclosure by anyone other than an intended addressee is prohibited. If you received this message in error, please delete it and advise the sender by reply email. Learn about Morrison & Foerster LLP's Privacy Policy.

========================================================================

This message may be confidential and privileged. Use or disclosure by anyone other than an intended addressee is prohibited. If you received this message in error, please delete it and advise the sender by reply email. Learn about Morrison & Foerster LLP's Privacy Policy.