IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
CHATTANOOGA DIVISION

| | |
|---|---|
| **TERPSEHORE MARAS,**<br><br>  **Plaintiff,**<br><br>v.<br><br>**THEHUFFINGTONPOST, INC., REPRESENTATIVE STEVE COHEN, US DOMINION, INC., DOMINION VOTING SYSTEMS, INC., DOMINION VOTING SYSTEMS CORPORATION, MEDIA MATTERS FOR AMERICA and ALI ABDUL RAZAQ AKBAR A/KA/ ALI ALEXANDER,**<br><br>  **Defendants.** | **Case. No. 1:21-cv-00317-DCLC-CHS**<br><br>**JUDGE CLIFTON L. CORKER** |

**PLAINTIFF'S AMENDED SECOND MOTION TO
COMPEL PRODUCTION OF DOCUMENTS IDENTIFIED IN
NON-PARTY J. ALEXANDER HALDERMAN'S SUBPOENA**

COMES NOW Plaintiff Terpsehore Maras and, by and through undersigned counsel and pursuant to Fed. R. Civ. P. 45(d) and (g), hereby files this Second Motion to Compel Production of J. Alexander Halderman's Documents Identified in Non-party Subpoena and in support of said motion respectfully shows unto this Honorable Court the following:

        I.      **RELEVANT FACTS AND PROCEDURAL HISTORY**

On January 24, 2022, a Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises of a Civil Action was issued to J. Alexander Halderman (hereinafter "Mr. Halderman"). The subpoena ordered Mr. Halderman to produce the following documents: "The Expert Report that you wrote that was filed in Donna Curling et al. v. Brad Raffensperger et al., Civil

Action No. 1:17-cv-2989-AT; United States District Court, Northern District of Georgia, Atlanta Division and any subsequent report that you wrote relating to voting machine integrity." (Subpoena Issued to J. Alexander Halderman, attached to Doc. No. 52 as Exhibit 1). On January 30, 2022, the subpoena was personally served on Mr. Halderman via hand-delivery by Mr. Benjamin Lewandowski. (Proof of Service attached to Doc. No. 52 as Exhibit 2).

Mr. Halderman did not produce the documents identified in the subpoena. Instead of producing the requested documents, Mr. Halderman retained the lawyers who represent the Plaintiffs in the *Donna Curling et al. v. Brad Raffensperger et al.* lawsuit to object to producing the same election fraud report that these lawyers filed in the *Donna Curling* case. (E-mail and letter from Attorney David D. Cross attached to Doc. No. 52 as Exhibit 3). The letter dated February 14, 2022, objected to the production of the documents that were identified in the subpoena. *Id*. On March 1, 2022, Plaintiff filed a Motion to Compel Production of Documents Identified in Non-Party J. Alexander Halderman's Subpoena. On March 17, 2022, Plaintiff filed a Supplemental Brief to Plaintiff's Motion to Compel because Plaintiff learned of additional documents (filed as exhibits to Doc. No. 67) that further corroborated Plaintiff's expert witness testimony regarding the election fraud that occurred during the 2020 elections. Plaintiff needs proof of the 2020 election fraud in order to prove her defamation case in chief against the Defendants.

Pursuant to Fed. R. Civ. P. 26(d), **discovery** is stayed until the the parties have had their required Rule 26(f) conference. Specifically, the Rule provides as follows: A party may not seek **discovery** from any source before the parties have conferred as required by Rule 26(f), **except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B)**, or when authorized by these rules, by stipulation, or by court order." Fed. R. Civ. P.

> **(d) Timing and Sequence of Discovery.**
>
> **(1)** *Timing.* A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order.

The proceedings that are expressly exempted from Fed. R. Civ. P. 26(d) are as follows: "The following proceedings are exempt from initial disclosure: … (v) **an action to enforce** or quash an administrative summons **or subpoena** …." Fed. R. Civ. P. 26(a)(1)(B) (emphasis added).

> (B) *Proceedings Exempt from Initial Disclosure.* The following proceedings are exempt from initial disclosure:
>
> (i) an action for review on an administrative record;
>
> (ii) a forfeiture action in rem arising from a federal statute;
>
> (iii) a petition for habeas corpus or any other proceeding to challenge a criminal conviction or sentence;
>
> (iv) an action brought without an attorney by a person in the custody of the United States, a state, or a state subdivision;
>
> (v) an action to enforce or quash an administrative summons or subpoena;
>
> (vi) an action by the United States to recover benefit payments;
>
> (vii) an action by the United States to collect on a student loan guaranteed by the United States;
>
> (viii) a proceeding ancillary to a proceeding in another court; and
>
> (ix) an action to enforce an arbitration award.

The Federal Rules of Civil Procedure are written by The Supreme Court of the United States and they govern procedure and they direct the district courts on how to handle matters before the court. The **Federal Rules of Civil Procedure enjoy "presumptive validity"** as they are written by the Supreme Court of the United States. *See Burlington Northern R. Co. v. Woods*, 480 U.S. 1, 6, 107 S.Ct. 967, 94 E. Ed. 2d 1 (1987); *Gil de Rebollo v. Miami Heat Assocs., Inc.*, 137 F.3d 56, 65 (1st Cir. 1998). And the **Federal Rules of Civil Procedure have the force and effect of a federal statute**. *Sibbach v. Wilson Co*, 312 U.S. 1, 61 S.Ct. 422, 312 U.S. 655, 85 L.Ed. 479 (1941) (emphasis added). Pursuant to the federal rules, which have the force and effect of a federal statute,

Plaintiff is exempted from the Rule 26(d) prohibition on conducting discovery prior to the Rule 26(f) conference. As such, Plaintiff renews her Motion to Compel.

As grounds for refusing to comply with this Court's subpoena, Professor Halderman cites the *Curling* case and that Judge Amy Totenberg has Mr. Halderman's report filed under seal. While Mr. Halderman is correct that his report is filed under seal in the United States District Court, Northern District of Georgia, Atlanta Division, Mr. Halderman is incorrect about a Georgia trial court having subject matter jurisdiction over the production of Mr. Halderman's report in the Eastern District of Tennessee. The Northern District of Georgia does not establish binding precedent for the Eastern District of Tennessee. Additionally, the Northern District of Georgia is in the Eleventh Circuit Court of Appeals and the Eastern District of Tennessee is in the Sixth Circuit Court of Appeals so even the Eleventh Circuit Court of Appeals has no subject matter jurisdiction over this Court. As such, the Order entered in the *Curling v. Raffensperger* case is of no consequence, and it should not be considered, in ruling on Plaintiff's Motion to Compel.

Mr. Halderman's report on election fraud is discoverable and he cites no objection to the report not being discoverable. Rule 26(b) provides that "Parties may obtain discovery regarding any **nonprivileged matter that is relevant to any of the party's claim** or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b) (emphasis added). **Plaintiff is entitled to an opportunity to prove her case by lawfully seeking and obtaining discoverable information.** Plaintiff is a subject matter expert with respect to election fraud. Plaintiff was one of Attorney Sidney Powell's expert witnesses in the election fraud cases

that were filed in various different states. Mr. Halderman's report is relevant and it is discoverable as Plaintiff believes that it is corroborating evidence that Plaintiff intends to use in order to prove her defamation case. Plaintiff believes that the report will show that Mr. Halderman reviewed different electronic voting machines, from different years and for different elections, but that he came to the same (or possibly similar) conclusions as Plaintiff. The report is discoverable, it is not privileged and Mr. Halderman has not interposed an adequate objection with respect to refusing to comply with the Court's subpoena. As such, Plaintiff respectfully requests this Court for an Order to compel production of the documents identified in Mr. Halderman's subpoena. Finally, pursuant to Fed. R. Civ. P. 10(c), Plaintiff adopts and incorporates by reference all facts, allegations and arguments presented in Plaintiff's Supplemental Brief to Plaintiff's Motion to Compel Production of Documents Identified in Non-Party J. Alexander Halderman's Subpoena.

## II. ARGUMENT AND CITATION OF AUTHORITY

Mr. Halderman's Report is discoverable, it is not privileged, **it is expressly exempted from Rule 26(d) pursuant to Rule 26(a)(1)(B)(v)** and Mr. Halderman has not interposed an adequate objection to prevent its production.

Rule 45 governs the production of documents from non-parties by way of a subpoena. In relevant part, "Every subpoena must: (i) state the court from which it issued; (ii) state the title of the action and its civil-action number; (iii) command each person to whom it is directed to do the following at a specified time and place: attend and testify; **produce designated documents**, electronically stored information, or tangible things in that person's possession, custody, or control; or permit the inspection of premises; and (iv) set out the text of Rule 45(d) and (e)." Fed. R. Civ. P. 45(a)(1)(A) (emphasis added).

In the case at bar, Plaintiff downloaded the subpoena form from this Court's website and inserted the above-referenced information. The subpoena issued by Plaintiff requests that Mr. Halderman produce certain documents that are relevant to Plaintiff's defamation case in chief and these documents are discoverable. To date, Plaintiff has not sought to depose Mr. Halderman. Plaintiff is simply requesting an Order compelling the production of relevant and discoverable documents.

Rule 45(d)(2)(B) governs objections:

> A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises— or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. **If an objection is made, the following rules apply**:
>
> > (i) **At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production** or inspection.
> >
> > (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

Fed. R. Civ. P. 45(d)(2)(B) (emphasis added).

In the case at bar, Mr. Halderman served an objection to the production of the documents listed in his subpoena. Pursuant to Fed. R. Civ. P. 45(d)(2)(B)(i), Plaintiff has already put Mr. Halderman on notice of her intent to file a Motion to Compel production of Mr. Halderman's report. *See* Exhibit 3 to Doc. No. 52. To be clear, the Northern District of Georgia does not have subject matter jurisdiction over this Court and regarding the production of an otherwise relevant and discoverable documents. CISA does not have subject matter jurisdiction over this Court and

6
Case 1:21-cv-00317-DCLC-CHS   Document 70   Filed 03/17/22   Page 6 of 9   PageID #: 2692

regarding the production of an otherwise relevant and discoverable documents. Since Mr. Halderman's objections are unfounded and without merit, Plaintiff respectfully requests that this Honorable Court enter an Order compelling Mr. Halderman to produce the documents identified in his subpoena.

### III. CONCLUSION

The documents identified in Plaintiff's subpoena are relevant, they are discoverable and they are not privileged. Based upon the foregoing, Plaintiff respectfully requests that this Court grant Plaintiff's Motion to Compel and enter an Order compelling Mr. Halderman to produce the documents identified in his subpoena.

Respectfully submitted this *17th* day of March, 2022.

                                                  THE NEWMAN LAW FIRM

                                    By:    /s/Russell A. Newman
                                                    Russell A. Newman, BPR # 033462
                                                    6688 Nolensville Road
                                                    Suite 108-22
                                                    Brentwood, TN 37027
                                                    (615) 554-1510 (Telephone)
                                                    (615) 283-3529 (Facsimile)
                                                    E-mail:russell@thenewmanlawfirm.com
                                                    *Attorney for Plaintiff Terpsehore Maras*

# CERTIFICATE OF SERVICE

I, Russell A. Newman, do hereby certify that I am counsel for Plaintiff Terpsehore Maras in the above-captioned matter and that a copy of the **PLAINTIFF'S AMENDED SECOND MOTION TO COMPEL PRODUCTION OF DOCUMENTS IDENTIFIED IN NON-PARTY J. ALEXANDER HALDERMAN'S SUBPOENA** was filed and served via the CM/ECF system for the United States District Court, Eastern District of Tennessee, Chattanooga Division via electronic mail to the following CM/ECF filers:

> W. Scott Sims, Esq.
> Michael R. O'Neill, Esq.
> Sims│Funk, PLC
> 3322 West End Ave., Suite 200
> Nashville, TN 37203
> (615) 292-9355 (Telephone)
> (615) 649-8565 (Facsimile)
> ssims@simsfunk.com
> moneill@simsfunk.com
> *Attorneys for Dominion Defendants*
>
> Todd B. Tatelman, Esq.
> Sarah Clouse, Esq.
> 5140 O'Neill House Office Building
> Washington D.C. 20515
> Todd.tatelman@mail.house.gov
> Sarah.clouse@mail.house.gov
> *Attorneys for Congressman Steve Cohen*
>
> Mozianio S. Reliford, Esq.
> William J. Harbison, II, Esq.
> 1201 Demonbreun Street, Suite 1000
> Nashville, TN 37213
> treliford@nealharwell.com
> jharbison@nealharwell.com
> *Attorneys for Defendant Media Matters for America*

And via E-Mail on the following non-registered CM/ECF filers:

> Baron Coleman, Esq.
> Three South Jackson Street
> P.O. Box 789

8
Case 1:21-cv-00317-DCLC-CHS   Document 70   Filed 03/17/22   Page 8 of 9   PageID #: 2694

Montgomery, AL 36101-0789
baron@baroncoleman.com
*Attorney for Defendant Ali Abdul Razaq Akbar*

And via U.S. Mail on the following non-registered CM/ECF filers:

Dr. J. Alexander Halderman
632 N 4th Ave.
Ann Arbor, MI 48104

Respectfully submitted this *17th* day of March, 2022.

**THE NEWMAN LAW FIRM**

By: /s/ Russell A. Newman_____
Russell A. Newman, BPR # 033462