IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

TERPSEHORE MARAS,

        Plaintiff,

v.

CHATTANOOGA NEWS CHRONICLE, *et al.*,

        Defendants.

Case No: 1:21-cv-317

**DEFENDANT MEDIA MATTERS FOR AMERICA, INC.'S REPLY TO PLAINTIFF'S BRIEF IN OPPOSITION TO MEDIA MATTERS' MOTION TO DISMISS**

Defendant Media Matters submits this Reply in support of its motion to dismiss.

## I. Plaintiff fails to establish Media Matters is subject to personal jurisdiction by this Court.

To determine personal jurisdiction, federal courts must evaluate compliance with the relevant state's law *and* the United States Constitution. *See Wiggins v. Jedson Eng'g, Inc.*, No. 119-CV-00354, 2020 WL 6993858, at *3 (E.D. Tenn. Aug. 27, 2020) (quoting *Reynolds v. Int'l Amateur Athletic Fed'n*, 23 F.3d 1110, 1115 (6th Cir. 1994)) ("the valid exercise of personal jurisdiction by federal courts is twofold—'the defendant must be amenable to suit under the forum state's long-arm statute and the due process requirements of the Constitution must be met.'"). Plaintiff's motion addresses only Tennessee's long-arm jurisdiction, leaving uncontested Media Matters' arguments that jurisdiction is improper under the Due Process Clause of the Constitution. *See* E.D. Tenn. L.R. 7.2; *Taylor v. Unumprovident Corp.*, No. 1:03–CV–1009, 2005 WL 3448052, at *2 (E.D. Tenn. Dec. 14, 2005) (failure to respond to an opponent's argument waives opposition).

Nonetheless, Plaintiff cannot show jurisdiction is proper under Tennessee law either. Plaintiff's sole basis for alleging jurisdiction is a handful of five- and ten-dollar donations to Media Matters made by other people, one of whom appears to be plaintiff's counsel's wife, on the same day Media Matters moved to dismiss. *See* Dkt. 71, Exs. 1–3 (noting donation dates of March 7, 2022). These donations were made ***after*** Media Matters' counsel informed Plaintiff's counsel that it would challenge personal jurisdiction in its motion to dismiss. Federal courts follow the "longstanding principle that the jurisdiction of the Court depends upon the state of things at the time of the action brought," *Dole Food Co. v. Patrickson*, 538 U.S. 468, 478 (2003), so each of these donations must be excluded from the Court's personal jurisdiction analysis. *See Rice v. Karsch*, 154 F. App'x 454, 462 (6th Cir. 2005) (actions taken after the filing of a complaint should not, as a matter of law, be considered when determining whether the defendant had "purposefully

1

availed" itself of the privilege of acting in that jurisdiction). Even setting the timing aside, a donation feature on a national website does not subject Media Matters to general personal jurisdiction in Tennessee for the reasons stated in Media Matters' motion. Dkt. 62, n.2; *see also Hilani v. Greek Orthodox Archdiocese of Am.*, 863 F. Supp. 2d 711, 722 n.37 (W.D. Tenn. 2012) ("The fact that the Archdiocese maintains a website which is accessible in Tennessee and through which the Archdiocese accepts donations from Tennessee residents is insufficient to support general personal jurisdiction.").

Nor do these made-for-litigation donations establish specific personal jurisdiction, which requires that "the suit must arise out of or relate to the defendant's contacts with the forum." *Lyngaas v. Ag*, 992 F.3d 412, 434 (6th Cir. 2021). Donations by other people have no relation to Plaintiff's claims regarding an article that ran in November 2020. Plaintiff cannot retroactively establish jurisdiction over Media Matters by having family members and acquaintances attempt to transact with it after the lawsuit is filed. *Cf. Allen v. Russian Fed'n*, 522 F. Supp. 2d 167, 194 (D.D.C. 2007) ("If Defendants cannot defeat personal jurisdiction by engaging in strategic post-Complaint behavior . . . it would be anomalous to suggest that Plaintiffs could gain an advantage by engaging in certain other strategic post-Complaint behavior."). Plaintiff cites no authority in arguing that recent charitable donations made to an out-of-state corporation by a Tennessee resident are "minimum contacts" that satisfy the requirements of the Due Process Clause, or that they constitute "transacting business" within the meaning of Tennessee's long-arm statute. Other courts have declined to find personal jurisdiction based on similar facts.[1]

---

[1] *See also DH Servs., LLC v. Positive Impact, Inc.*, No. 12 CIV. 6153 RA, 2014 WL 496875, at *8 (S.D.N.Y. Feb. 5, 2014) (no personal jurisdiction based on "*de minimis* contributions made from a website accessible in any jurisdiction" as a contrary ruling could have "serious consequences for non-profit organizations"); *Mothers Against Drunk Driving v. DAMMADD, Inc.*, No. Civ. 302CV1712G, 2003 WL 292162, at *6–7 (N.D. Tex. Feb. 7, 2003) (no specific jurisdiction based on defendant's receipt of five contributions through its website); *Higgins v. Save Our Heroes*, No. CV 18-42(DSD/BRT), 2018 WL 2208319, at *3 (D. Minn. May 14, 2018) ("the fact that [Defendant] seeks donations and volunteers through its website is insufficient for specific personal jurisdiction because [Plaintiff's] claims do not

Plaintiff has failed to meet her burden of establishing the existence of jurisdiction, *see Air Prod. & Controls, Inc. v. Safetech Int'l, Inc*., 503 F.3d 544, 549 (6th Cir. 2007), and this Court should dismiss Plaintiff's claim against Media Matters for lack of personal jurisdiction.

**II.     Plaintiff fails to plead required elements of defamation under Tennessee law.**

Plaintiff's defamation claim is premised on the assertion that an article about right-wing media coverage of Sidney Powell's election fraud claims in November 2020 defames her (the "Article"). The Article does not mention Plaintiff, but she argues it somehow suggests she committed perjury in an affidavit filed in Arizona weeks after the Article was written. This claim is implausible on its face and relies upon abrogated pleading standards and misstatements of Tennessee's defamation law. Plaintiff's claim should be dismissed on this basis.

Plaintiff's premises her opposition on the outdated *Conley v. Gibson* "no set of facts" standard, 355 U.S. 41 (1957); however, that is not the operative pleading standard in federal court. *See Bell Atl. Corp. v. Twombly*. 550 U.S. 544, 563 (2007) (noting "no set of facts" "has earned its retirement"); *see also Boxill v. O'Grady*, 935 F.3d 510, 517 n.3 (6th Cir. 2019) ("no set of facts" review of motion to dismiss from *Conley* "was abandoned over a decade ago"). Plaintiff inexplicably acknowledges this abrogation and then relies on *Conley's* standard anyway.

Under the appropriate pleading standard, Plaintiff fails to state a claim. First, Plaintiff cannot survive a motion to dismiss by regurgitating a list of "unadorned, the-defendant-unlawfully-harmed-me accusation[s]," Dkt. 71 at 11–12, particularly ones that amount to scattershot pleading not specific to Media Matters. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). As Plaintiff concedes,

---

arise from these activities"); *Weisskopf v. United Jewish Appeal-Fed'n of Jewish Philanthropies of N.Y., Inc*., 889 F. Supp. 2d 912, 927–28 (S.D. Tex. 2012) ("[T]here is no basis for the exercise of [general] personal jurisdiction" where a website "allows users to make online donations" but "does not specifically target Texas residents through its website"); *Morton Grove Pharm., Inc. v. Nat'l Pediculosis Ass'n, Inc*., 485 F.Supp.2d 944, 948 (N.D. Ill. 2007) (environmental group's distribution of newsletters, solicitation/receipt of donations, maintenance of webpage and receipt of grants from a forum-based foundation were not continuous and systematic contacts).

3

only one substantive paragraph in the Complaint is about Media Matters, and it just recites the Article's headline. Those allegations do not satisfy the requirement that a claim "contain sufficient factual matter" to be "plausible on its face." *Id.*

Second, the Article cannot possibly be considered of and concerning Maras. Nothing in the Article says—or could reasonably be interpreted to say—that Maras committed perjury. Plaintiff's role as an affiant occurred ***after*** Media Matters published the Article. The issue, then, is not only that Maras's name is unmentioned in the article—it is that there is no possible or plausible assertion Media Matters knew Plaintiff was involved in Sidney Powell's fraud claims or intended to reference her. Moreover, the Article does not reference any trial testimony, let alone perjury. Instead, it is about a Sidney Powell press conference and the media coverage of it.[2]

Third, Maras must plausibly allege that Media Matters acted with actual malice. Plaintiff does not dispute that she is a public figure, and as such must plead actual malice. *See New York Times v. Sullivan*, 376 U.S. 254, 280 (1964). Cases cited by Plaintiff about presuming malice were decided before *New York Times v. Sullivan* and rely on Tennessee's now unavailable libel *per se* doctrine. Plaintiff also confuses causation and actual malice. Here, she must allege both—one element concerning Media Matters' knowledge and the other the harm to Plaintiff. Plaintiff must plead facts supporting the allegation that Media Matters published the Article with a "high degree of awareness of [] probable falsity." *Garrison v. State of La.*, 379 U.S. 64, 74 (1964). She has not.

Fourth, Plaintiff's claim that truth cannot be a defense at this stage is just wrong. Falsity is an element that *Plaintiff* must plausibly allege, *see Sullivan v. Baptist Mem'l Hosp.*, 995 S.W.2d

---

[2] There is no factual basis in the Complaint to suggest that Media Matters understood the "Kraken" to refer to Plaintiff at the time. Indeed, as shown by even contemporaneous reporting, Maras's self-aggrandizing belief she (rather than Powell or Powell's purported evidence) is the Kraken is not shared. *See* Ryan Nobles et al., *First on CNN: January 6 committee has text messages between Ginni Thomas and Mark Meadows*, CNN (Mar. 25, 2022, 7:53 PM), available at https://www.cnn.com/2022/03/24/politics/ginni-thomas-mark-meadows-text-messages/index.html ("Sidney Powell, who worked on Trump-aligned lawsuits seeking to challenge the results of the 2020 election, was also referred to by herself as 'The Kraken' in reference to the ancient mythological sea creature.").

4

569, 571 (Tenn. 1999). But here, Plaintiff does not plausibly allege that any Media Matters' statements are false or address its claims that some of its statements are opinions, including the characterization of Sidney Powell's fraud claims in the headline. Media Matters' challenge to Plaintiff's failure to plead falsity is proper.

Fifth, Plaintiff attempts to assert a defamation *per se* claim that is not cognizable under Tennessee law. Dkt. 71 at 14–19. In this regard, Plaintiff relies on cases that are no longer good law following *Memphis Pub. Co. v. Nichols*, 569 S.W.2d 412, 419 (Tenn. 1978). "Tennessee has long since abolished any . . . presumption" of injury and "the caselaw on which the presumption was based has not merely been superseded but, in the words of the Tennessee Supreme Court, 'no longer has any practical meaning' at all." *Mucerino v. Martin*, No. 3:21-CV-00284, 2021 WL 5585637, at *8 (M.D. Tenn. Nov. 30, 2021) (quoting *Memphis Pub. Co*, 569 S.W.2d at 419).

For these reasons and the arguments in Media Matters' opening brief, this Court should dismiss Plaintiff's claim against Media Matters under Fed. R. Civ. P. 12(b)(6).

### III. Amendment would be futile.

The Court should dismiss Plaintiff's Complaint with prejudice because any "proposed amendment would be futile*,*" *Kottmyer v. Maas*, 436 F.3d 684, 692 (6th Cir. 2006). "Amending would be futile if a proposed amendment would not survive a motion to dismiss." *SFS Check, LLC v. First Bank of Del.*, 774 F.3d 351, 355 (6th Cir. 2014). Plaintiff's Complaint is deficient not for want of skillful pleading, but for glaring and fundamental legal and factual deficiencies. There is not personal jurisdiction over Media Matters in Tennessee, and the Article does not defame Plaintiff. *See Toutges v. McKaig*, No. 3:19-CV-352, 2019 WL 5865642, at *6 (E.D. Tenn. Nov. 8, 2019) ("if there is an absence of law to support the type of claim made, then dismissal of the action is proper."). This Court should deny Plaintiff leave to amend a claim doomed to fail.

5

<u>Filed:</u>  March 28, 2022

Respectfully submitted,

**NEAL & HARWELL, PLC**

<u>/s/ Mozianio S. Reliford, III</u>
Mozianio S. Reliford, III (BPR # 36170)
William J. Harbison II (BPR # 33330)
1201 Demonbreun Street, Suite 1000
Nashville, TN 37213
(615) 244–1713
treliford@nealharwell.com
jharbison@nealharwell.com

**ELIAS LAW GROUP LLP**

William B. Stafford (admitted *pro hac vice*)
1700 Seventh Ave., Suite 2100
Seattle, WA 98101
(206) 656-0176
BStafford@elias.law

Melinda K. Johnson (admitted *pro hac vice*)
10 G St. NE, Suite 600
Washington, DC 20002
(202) 968-4490
MJohnson@elias.law

*Counsel for Defendant Media Matters for America*

**CERTIFICATE OF SERVICE**

      I hereby certify that on March 28, 2022, a true and correct copy of the foregoing was filed through the Court's CM/ECF system, which will cause service of the same upon all counsel of record in this matter.

                                          */s/ Mozianio S. Reliford, III*
                                          Mozianio S. Reliford, III