IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE AT CHATTANOOGA

| | |
|---|---|
| TERPSEHORE MARAS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. Civil Action No. 1:21-cv-317 |
| ) | |
| CHATTANOOGA NEWS CHRONICLE, ) | |
| THEHUFFINGTONPOST, INC., ) | |
| REPRESENTATIVE STEVE COHEN, ) | |
| US DOMINION, INC., DOMINION ) | Judge Clifton L. Corker |
| VOTING SYSTEMS, INC., DOMINION ) | Magistrate Judge Christopher H. Steger |
| VOTING SYSTEMS CORPORATION, ) | |
| MEDIA MATTERS FOR AMERICA, ) | |
| OHIO INTELLIGENCE TIPS, ROSS ) | |
| ELDER, and ALI ABDUL RAZAQ ) | |
| AKBAR A/K/A ALI ALEXANDER, ) | |
| ) | |
| Defendants. ) | |

**DOMINION'S AND MEDIA MATTERS' JOINT RESPONSE TO PLAINTIFF'S
MOTION FOR STATUS CONFERENCE OR ORDER TO COMPEL**

Defendants US Dominion, Inc., Dominion Voting Systems, Inc, and Dominion Voting Systems Corporation (collectively, "Dominion") and Defendant Media Matters for America ("Media Matters") provide the following joint response to Plaintiff's Motion for Status Conference or Order Compelling Defendant Ali Abdul Razak Akbar to Respond to Plaintiff's Amended Verified Complaint. (Dkt. No. 74).

Neither Dominion nor Media Matters take a position on whether the Court can and/or should grant Plaintiff's request that the Court order Defendant Ali Abdul Razak Akbar to respond to Plaintiff's complaint. However, Dominion and Media Matters construe Plaintiff's request for a "Status Conference" to be—in effect—a request to schedule the initial Case Management Conference ("CMC"). To the extent that is the case, Dominion and Media Matters submit that

good cause exists under Rule 16(b)(2) of the Federal Rules of Civil Procedure for the Court to delay scheduling the CMC.

Every defendant that has responded to Plaintiff's complaint has filed a motion to dismiss. Dominion has filed a motion to dismiss on the grounds that the Court lacks personal jurisdiction over Dominion and Plaintiff's complaint fails to state a claim on which relief can be granted. (Dkt. No. 21). Defendant Honorable Steve Cohen has filed a motion to dismiss on the grounds that the Court lacks subject matter jurisdiction and Plaintiff's complaint fails to state a claim on which relief can be granted. (Dkt. No. 29). Defendant Media Matters for America has filed a motion to dismiss on the grounds that the Court lacks personal jurisdiction over Media Matters and Plaintiff's complaint fails to state a claim on which relief can be granted. (Dkt. No. 61).[1] On the Rule 12(b)(6) grounds, all three sets of defendants have demonstrated that Plaintiff's sole cause of action for defamation is specious and fails as a matter of law because, among other things, the defendants' alleged defamatory statements admittedly were not directed to and did not reference Plaintiff in any way. All three motions to dismiss are now fully briefed before the Court.

Dominion and Media Matters submit that judicial efficiency and economy would be best served if the Court would first rule on the defendants' pending motions to dismiss before scheduling the CMC. *See, e.g., Callaway v. Independent School Dist. No. 1 of Okmulgee Cty*, 2021 WL 6125760, at *2, n.1 (E.D. Ok. Sept. 10, 2021) (finding that good cause existed under Rule 16(b)(2) to delay entry of scheduling order due to defendants' pending motions to dismiss); *Mestas v. CHW Group, Inc.*, 2019 WL 5549913, at *2 (D. N.M. Oct. 28, 2019) (same); *Custard v. Balsick*, 2017 WL 131799, at *4 n.5 (D. Colo. Jan. 13, 2017) (same); *Nissan North America, Inc. v. DeltaWing Project 56, LLC*, 2015 WL 7756146, at *2 (M.D. Tenn. Dec. 1, 2015) (staying

---

[1] Former defendants Ross Elder and Huffington Post also filed motions to dismiss, but Plaintiff dismissed those defendants, rendering their motions moot. (Dkt. Nos. 20, 34, 38, 49).

discovery pending resolution of defendant's motion to dismiss for lack of personal jurisdiction); *Bolletino v. Cellular Sales of Knoxville, Inc.*, 2012 WL 326941, at *1-3 (E.D. Tenn. Aug. 9, 2012) (staying discovery pending resolution of multiple defendants' motions to dismiss under Rule 12(b)(6)).

Should the Court grant the defendants' motions to dismiss, it would obviate the need to have a CMC and would further obviate the need for any of the defendants to incur any further burden and expense of participating in this meritless litigation. It would also eliminate what undoubtedly will be a host of spurious and costly discovery disputes. In that regard, even before a CMC has been scheduled, Plaintiff has abused the discovery process. In violation of Rule 26(f), Plaintiff has already served subpoenas on a United States District Court and a host of current and former top-ranking government officials.[2] And also in violation of Rule 26(f), Plaintiff has filed three separate and untimely motions to compel. (Dkt. Nos. 33, 52, 69). In her first motion, Plaintiff requested that the Court hold the United States District Court for the Northern District of Georgia, Atlanta Division in contempt. (Dkt. No. 33-4). For her part, Plaintiff cannot claim that she would suffer any prejudice in a short delay in the scheduling of the CMC since this case is in its early stages and Plaintiff did not identify any discovery she needed to respond to any of the defendants' motions to dismiss.

Based on the foregoing, Dominion and Media Matters respectfully request that Plaintiff's motion for a "Status Conference" be denied.

---

[1]In particular, among others, Plaintiff has served subpoenas on: (1) the United States District Court for the Northern District of Georgia, Atlanta Division; (2) former United States Senator John Kerry; (3) President Joe Biden's Press Secretary Jen Psaki; (4) former President George W. Bush's Deputy Chief of Staff Karl Rove; (5) former United States Secretary of Defense Robert Gates; (6) former director of the CIA John Brennan; and (7) former United States Undersecretary of Defense Paul Brinkley.

Respectfully submitted,

*/s/ W. Scott Sims*
W. Scott Sims (#17563)
Michael R. O' Neill (#34982)
SIMS|FUNK, PLC
3322 West End Ave., #200
Nashville, TN 37203
(615) 292-9335
(615) 649-8565
ssims@simsfunk.com
moneill@simsfunk.com

*Counsel for Dominion Defendants*

NEAL & HARWELL, PLC

*/s/ Mozianio S. Reliford, III*
Mozianio S. Reliford, III (BPR # 36170)
William J. Harbison II (BPR # 33330)
1201 Demonbreun Street, Suite 1000
Nashville, TN 37213
(615) 244–1713
treliford@nealharwell.com
jharbison@nealharwell.com

ELIAS LAW GROUP LLP

William B. Stafford (admitted pro hac vice)
1700 Seventh Ave., Suite 2100
Seattle, WA 98101
(206) 656-0176
BStafford@elias.law

Melinda K. Johnson (admitted pro hac vice)
10 G St. NE, Suite 600
Washington, DC 20002
(202) 968-4490
MJohnson@elias.law

*Counsel for Defendant Media Matters for America*

**CERTIFICATE OF SERVICE**

       I hereby certify that on April 11, 2022, a copy of the foregoing was filed via the Court's CM/ECF system which will send notice of this filing via electronic mail notice to the following:

| | |
|---|---|
| Russell A. Newman<br>The Newman Law Firm<br>6688 Nolensville Road<br>Suite 108-22<br>Brentwood, TN 37027<br>russell@thenewmanlawfirm.com | Todd Tatelman<br>Sarah Clouse<br>United States House of Representatives,<br>General Counsel<br>219 Cannon House Office Building<br>Washington, DC 20515<br>202-225-9700<br>todd.tatelman@mail.house.gov<br>sarah.clouse@mail.house.gov |
| Douglas N. Letter<br>Office of General Counsel<br>U.S. House of Representatives<br>5140 O'Neill House Office Building<br>Washington, D.C. 20515<br>(202) 225-9700<br>Douglas.Letter@mail.house.gov | |

And via U.S. Mail to the following:

ALI ABDUL RAZAQ AKBAR
A/K/A ALI ALEXANDER
5125 Pinellas Avenue
Keller, TX 76244

                                                   */s/ W. Scott Sims*
                                                   W. Scott Sims