UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| TERPSEHORE MARAS,<br>    *Plaintiff,*<br><br>v.<br><br>CONGRESSMAN STEVE COHEN, *et al.*<br>    *Defendants.* | Case No. 1:21-cv-317-DCLC-CHS |

## MEMORANDUM AND ORDER

This matter comes before the Court upon Plaintiff Terpsehore Maras' Amended Second Motion to Compel [Doc. 70]. Plaintiff seeks to enforce a subpoena issued by this Court to J. Alexander Halderman requiring him to produce certain documents in Ann Arbor, Michigan. For the reasons stated herein, the Amended Second Motion to Compel is **DENIED**.

Plaintiff filed her first Motion to Compel compliance with this same subpoena [Doc. 52] on March 1, 2022. On March 17, 2022, this Court denied the Motion to Compel without prejudice on the ground that "discovery in this case is premature, and, thus, no response to the subpoena at issue is yet required. *See* Fed. R. Civ. P. 26(d)." [Doc. 68]. Rule 26(d) states:

> A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order.

Rule 26(f) requires the parties to confer for several purposes including developing a discovery plan. Fed. R. Civ. P. 26(f).

After the Court denied Plaintiff's first Motion to Compel, Plaintiff filed the instant Amended Second Motion to Compel asserting that this proceeding is exempt under Rule 26(a)(1)(B) from the Rule 26(f) conference requirement and, therefore, she may seek to enforce

the subpoena now. Specifically, Plaintiff relies on the following portion of Rule 26(a)(1)(B) to argue her motion to compel is not premature:

> (B) *Proceedings Exempt from Initial Disclosure.* The following proceedings are exempt from initial disclosure:
> 
> \* \* \*
> 
> (v) an **action** to enforce or quash an administrative summons or subpoena.
> . . .

Fed. R. Civ. P. 26(a)(1)(B)(v) (emphasis added). This provision exempts *actions* brought to enforce a subpoena. "A civil action is commenced by filing a complaint with the court." Fed. R. Civ. P. 3. Plaintiff has not filed a complaint to commence an action to enforce a subpoena; rather, she has filed a complaint to commence an action for defamation against the defendants and now moves to compel compliance with a subpoena in order to gather discovery in this defamation action. As previously stated in the undersigned's order dated March 17, 2022, Plaintiff may not seek discovery before the parties have conferred as required by Rule 26(f). *See Franz v. Oxford Cmty Sch. Dist.*, Case No. 21-cv-12871, 2022 WL 883022, *8-9 (E.D. Mich. Mar. 24, 2022) (holding that parties are not exempt from conducting a Rule 26(f) conference before issuing a subpoena to a non-party in a negligence action); *see also Weaver v. R & L Carriers Inc.*, No. 3:12-CV-448, 2013 WL 595196, at *2 (E.D. Tenn. Feb. 15, 2013) (granting motions to quash "premature" Rule 45 subpoenas issued to non-parties prior to Rule 26(f) conference.) As previously indicated, discovery, including the issuance of subpoenas, is premature at this juncture.

There is another reason why this motion to compel will be denied: while this Court *issued* the subpoena, it is not the court for the district where compliance is required. The subpoena requires that Mr. Halderman, who is located in Ann Arbor, Michigan, produce certain documents in Ann Arbor, Michigan. Thus, the United States District Court of the Eastern District of Michigan, which includes Ann Arbor, is the court for the district where compliance is required. Rule 45(d)

gives only "the court for the district where compliance is required" the authority to sanction a party who serves an unreasonable subpoena, *see* Rule 45(d)(1); command production or inspection pursuant to a subpoena, *see* Rule 45(d)(2)(B)(i); and modify or quash a subpoena, *see* Rule 45(d)(3). The only mechanism to bring a subpoena-related motion to the issuing court—where it is not also the court for the district where compliance is required—is to have the court of compliance transfer the motion to the issuing court. *See* Rule 45(f) ("When the court where compliance is required did not issue the subpoena, it may transfer a motion under this rule to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances. . . .") *See also* Rule 45(g) ("The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.")

The instant motion has not been transferred to this Court from the United States District Court for the Eastern District of Michigan. Consequently, this Court has no jurisdiction to entertain Plaintiff's motion to compel compliance with the subpoena.

For the reasons stated herein, Plaintiff's Amended Second Motion to Compel is **DENIED**. The Court will consider another motion to enforce the subpoena only if the motion is ripe[1] and has been transferred to it pursuant to Rule 45(f).

**IT IS SO ORDERED.**

/s/ *Christopher H. Steger*
UNITED STATES MAGISTRATE JUDGE

---

[1] To be perfectly clear, "ripe," in this context, means that the parties have conferred as required by Rule 26(f) before seeking discovery.