# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF TENNESSEE
# CHATTANOOGA DIVISION

| | |
|---|---|
| TERPSEHORE MARAS,<br><br>Plaintiff,<br><br>v.<br><br>REPRESENTATIVE STEVE COHEN, US DOMINION, INC., DOMINION VOTING SYSTEMS, INC., DOMINION VOTING SYSTEMS CORPORATION, MEDIA MATTERS FOR AMERICA and ALI ABDUL RAZAQ AKBAR A/KA/ ALI ALEXANDER,<br><br>Defendants. | Case. No. 1:21-cv-00317-DCLC-CHS<br><br>JUDGE CLIFTON L. CORKER |

## PLAINTIFF'S REPLY BRIEF TO DOMINION'S AND MEDIA MATTERS' JOINT RESPONSE TO PLAINTIFF'S MOTION FOR STATUS CONFERENCE OR ORDER TO COMPEL

COMES NOW Plaintiff Terpsehore Maras and, by and through undersigned counsel and pursuant to Fed. R. Civ. P. 16 (a) and (f) and LR7.1(c), hereby files this Reply Brief to Dominion's and Media Matters' Joint Response to Plaintiff's Motion for Status Conference or Order to Compel and shows unto this Honorable Court the following:

The fact that Defendants Dominion and Media Matters have themselves "construed" Plaintiff's motion a certain way is of no consequence and this Honorable Court should decide for itself how it would like to proceed. Plaintiff has not asked for an initial case management conference. The motion clearly cites Fed. R. Civ. P. 16(a), which permits this Court to hold multiple pretrial conferences (not necessarily the initial case management conference) for the reasons set forth in Rule

16(a), which includes having a status conference to discuss "expediting disposition of the action" with a non-responsive Defendant.

The fact that the Defendants filed a Motion to Dismiss is not surprising, it was expected, but said motions to dismiss are completely irrelevant to Plaintiff's pending motion (Doc. No. 74), which relates to how to proceed with Defendant Ali Abdul Razaq Akbar a/k/a Ali Alexander. All Defendants should file a responsive pleading or a motion, and this Court should rule on said motions, before scheduling the case management conference, which will alleviate Dominion's and Media Matters' concerns about judicial efficiency and economy. Again, Plaintiff never asked for a case management conference; it is only being discussed because of how Dominion and Media Matters "construed" Plaintiff's motion.

Contrary to Defendants Dominion's and Media Matters' accusations, Plaintiff has not "abused the discovery process" in any way. While there is a stay in discovery, Plaintiff has already briefed this Court that Fed. R. Civ. P. 26(a)(1)(B)(v) expressly exempts an action to enforce or quash a subpoena. Specifically, Rule 26(f)(1) recognizes the exemption and states that it is not a part of the discovery conference or discovery plan. Since Rule 26(f) expressly exempts 26(a)(1)(B)(v) from the conference, the stay in discovery per Rule 26(d) is not invoked. Plaintiff further shows that Title V of the Federal Rules of Civil Procedure governs disclosures and "**discovery**".

```
Title V. Disclosures and Discovery
    Frcp T. V, Refs & Annos
    Rule 26. Duty to Disclose; General Provisions Governing Discovery [Rule Text & Notes of Decisions
    Subdivisions I, II]
    Rule 26. Duty to Disclose; General Provisions Governing Discovery [Notes of Decisions Subdivisions III to XII]
    Rule 27. Depositions to Perpetuate Testimony
    Rule 28. Persons Before Whom Depositions May be Taken
    Rule 29. Stipulations About Discovery Procedure
    Rule 30. Depositions by Oral Examination
    Rule 31. Depositions by Written Questions
    Rule 32. Using Depositions in Court Proceedings
    Rule 33. Interrogatories to Parties
    Rule 34. Producing Documents, Electronically Stored Information, and Tangible Things, or Entering onto
    Land, for Inspection and Other Purposes
    Rule 35. Physical and Mental Examinations
    Rule 36. Requests for Admission
    Rule 37. Failure to Make Disclosures or to Cooperate in Discovery; Sanctions
```

Plaintiff contends that an action to enforce or quash a subpoena is not considered **"discovery"** and the rules controlling subpoenas are not found in Title V, which contains the discovery rules. Instead, the rules governing subpoenas are found in "Title VI. TRIALS" and therein lie the rules governing subpoenas. Specifically, Rule 45 governs subpoenas. Title VI is not discovery. Plaintiff does not believe that Defendants Dominion and Media Matters are intentionally making misrepresentations to this Court, but they are nonetheless wrong and require correction.



In addition to being wrong and requiring correction, Defendants Dominion and Media Matters have also improperly drug before this Honorable Court all of the identities of all of the people/entities that Plaintiff has subpoenaed, which ironically demonstrates the vast magnitude and implications that will necessarily result from the discovery conducted in this case. Since the Defendants wish to prematurely discuss Plaintiff's subpoenas, and have opened this door, Plaintiff as per her sworn declaration[1] (attached hereto as Exhibit 1) indicates she was a private contractor and has worked with the highest-ranking government officials, including but not limited to former Director of the CIA,

---

[1] The exhibits to Plaintiff's Verified Complaint do not appear to have been forwarded to this Court by the Hamilton County Circuit Court so the Exhibits to the Plaintiff's Verified Complaint are attached to this reply. Plaintiff Terpsehore Maras' Declaration is Exhibit 3 to the attachment, Document 9-13, starting on page 1 of 37.

John Brennan. Plaintiff is a whistleblower (though not protected by the whistleblower statutes since she was a private contractor and not an employee) . The very nature of being a whistleblower means that Plaintiff also has first-hand and personal knowledge of sworn statements in her affidavit which is the premise of this defamation case. All of Plaintiff's subpoenas target very specific documents during very specific time periods because Plaintiff already knows of their existence and now requires them as evidence to prove her affidavit is verifiable, which will in turn be used to prove that the Defendants defamed Plaintiff. If the discovery disputes end up costly, then it will be due to the fierce opposition each party and/or subpoenaed person mounts to resist disclosure of said documents, testimony and/or information. None of Plaintiff's discovery or subpoenas are or ever will be "spurious" as Dominion and Media Matters contend. They may not be popular or well-received by certain people/parties, but they are not, and will not be, spurious.

Finally, since neither Dominion nor Media Matters has taken a position on whether Plaintiff's motion (Doc. No. 74) should be granted, said motion remains unopposed.

Respectfully submitted this 18th day of April, 2022.

**THE NEWMAN LAW FIRM**

/s/ Russell A. Newman
Russell A. Newman, BPR No. 033462
6688 Nolensville Road
Suite 108-22
Brentwood, TN 37027
(615) 554-1510 (Telephone)
(615) 283-3529 (Facsimile)
E-mail:russell@thenewmanlawfirm.com
*Attorney for Plaintiff Terpsehore Maras*

# CERTIFICATE OF SERVICE

I, Russell A. Newman, do hereby certify that I am counsel for Plaintiff Terpsehore Maras in the above-captioned matter and that a copy of the **PLAINTIFF'S REPLY BRIEF TO DOMINION'S AND MEDIA MATTERS' JOINT RESPONSE TO PLAINTIFF'S MOTION FOR STATUS CONFERENCE OR ORDER TO COMPEL** was filed and served via the CM/ECF system for the United States District Court, Eastern District of Tennessee, Chattanooga Division, which will cause service of same upon counsel of record in this matter and via U.S. Mail to the following non-registered users:

>Ali Abdul Razaq Akbar a/k/a Ali Alexander
>5125 Pinellas Avenue
>Keller, TX 76244

Respectfully submitted this 18th day of April, 2022.

                  **THE NEWMAN LAW FIRM**

              By: /s/ Russell A. Newman
                  Russell A. Newman, BPR # 033462